IsGOTHARD, Judge.
The issue presented on appeal in this case is whether an uninsured/underinsured motorist (UM) coverage rejection form was a valid rejection as required by statutory and jurisprudential law.

FACTS

On October 5, 1993, Regina Scott (Appellant) was a guest passenger in a vehicle that was involved in a collision. Scott sued the driver of the other vehicle, Helen Miller, and her insurer, State Farm Insurance Company. Scott later supplemented her petition and added her own insurer, Clarendon America Insurance Company (Appellee), for UM coverage. Helen Miller and State Farm were dismissed, having fully compromised and settled with Scott.
After the dismissal of Miller and State Farm, Clarendon filed a motion for summary judgment, asserting that Scott was not entitled to any UM coverage because of a valid UM rejection form. With the summary judgment motion, Clarendon submitted the insurance policy and the disputed UM form. Scott did not submit anything. The trial judge granted Clarendon’s motion for summary judgment and dismissed Scott’s suit.
Scott has appealed, asserting that Clarendon failed to meet its burden of proof on the motion for summary judgment and that the UM form is invalid. We affirm.

LAW

Appellate Courts review summary judgments de novo under the same criteria that govern the trial court’s determination of whether summary judgment is ^appropriate. Tugwell v. State Farm Ins. Co., 609 So.2d 195, 197 (La.1992); Schroeder v. Board of Supervisors, 591 So.2d 342, 345 (La.1991). The motion for summary judgment shall be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact and that mover is entitled to judgment as a matter of law. La. C.C.P. art. 966. The mover has the burden of proving that no material factual issues exist. Schroeder, 591 So.2d at 345. Inferences drawn from the materials before the court are viewed in the light most favorable to the party opposing the motion. Id. The party who is defending against the motion for summary judgment has all their properly filed allegations taken as true and receives the benefit of the doubt when their assertions conflict with the mover’s assertions. Id.
La. R.S. 22:1406(D)(l)(a)(i) provides that no automobile liability insurance shall be issued unless coverage is provided for the protection of insured persons to recover from owners or operators of uninsured *1344 or undermsured motor vehicles. However, the insured may reject this uninsured or underinsured coverage in writing, and the insured may also select lower coverage limits. Id. The form that the insured signs must give the insured the ability to make a meaningful selection of his options. Tugwell, 609 So.2d at 197. The Louisiana Supreme Court has, based on the above statute, stated the meaningful selections to be offered: (1) UM coverage equal to bodily injury limits in the policy, (2) UM coverage lower than bodily injury limits in the policy, or (8) no UM coverage. Id. The form that the insured signs rejecting UM coverage or selecting a lower coverage amount shall be conclusively presumed to become a part of the policy or contract when issued, regardless of whether physically attached thereto. La. R.S. 22:1406(D)(l)(a)(ii).
|4The insurer bears the burden of proving that the insured rejected the UM coverage or lowered the coverage amount. Id. Exceptions to UM coverage are strictly construed. Id.; Henson v. Safeco Ins. Cos., 585 So.2d 584, 537 (La.1991).
The UM form in this case is reproduced below:
*1345 [[Image here]]
*1346 IsScott makes several challenges against the validity of the UM form. First, Scott asserts that Clarendon failed to prove that Scott signed this form. Second, Scott contends that Clarendon failed to prove the UM form is connected with the policy issued. Finally, Scott contends that the UM form is ambiguous because section 1 is required to be completed and signed, yet there is no place for a signature in section 1.
Scott has never contested the existence of her signature on the UM form. She has alleged, however, that Clarendon failed to meet its burden in proving that the signature was Scott’s. Clarendon submitted both the insurance policy and the UM form with the motion for summary judgment. The policy and the UM form are both signed “Regina Scott” and include the identical date and time. We believe this was sufficient for the burden to shift to Scott to prove it was not her signature. However, Scott failed to submit any affidavits or admissions which would assert that this was not her signature.
The UM form is connected with appellant’s insurance policy. The policy and the UM form are both signed and bear the identical date and time. Thus, the UM form was issued at the same time as the policy. It is conclusively presumed that a signed UM form becomes part of the policy when issued, regardless of whether physically attached thereto. La. R.S. 22:1406(D)(l)(a)(ii). We fail to see any reason why Clarendon could not rely on this conclusive presumption. While Scott argues that the UM form is not connected to this policy, Scott has failed to present any affidavits or admissions that she applied for insurance through Clarendon before (and the UM form is connected with that policy) or that she had multiple policies with Clarendon (and the UM form is connected to another policy). Thus, Scott | 6failed to overcome the conclusive presumption that the UM form was not a part of this insurance policy.
Lastly, Scott asserts that the UM form is ambiguous solely because the form indicates that section 1 must be completed and signed, yet no signature is required beneath section 1. However, it is clear from the form itself that the one signature line at the bottom of the UM form applies to both sections. Thus, no ambiguity exists in this UM form.
We find that Regina Scott has not shown any genuine issues of material fact. The trial court did not err in granting Clarendon’s motion for summary judgment. Thus, the trial court’s judgment is affirmed.
AFFIRMED.

ON REHEARING

On application by appellant, we grant a rehearing for the limited purpose of correcting the statement in the opinion that Clarendon submitted the insurance policy with the motion for summary judgment. In fact, Clarendon submitted the application for insurance along with the UM rejection form.