STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CORA RIGGS

VERSUS

OPELOUSAS GENERAL HOSPITAL TRUST AUTHORITY, ET AL.

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
TWENTY-SEVENTH JUDICIAL DISTRICT COURT
PARISH OF ST. LANDRY, NO. 04C0170D
HONORABLE DONALD W. HEBERT, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

ELIZABETH A. PICKETT
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Jimmie C. Peters, Elizabeth A. Pickett, and J. David Painter, Judges.

AFFIRMED.

Charles V. Taylor
Charles V. Taylor and Associates
4407 Dickens Drive
Baton Rouge, LA 70812
Counsel for Plaintiff/Appellant:
    Cora Riggs

Johnnie L. Matthews
Matthews and Matthews
4705 Bluebonnet Blvd., Suite A
Baton Rouge, LA 70809
Counsel for Plaintiff/Appellant:
    Cora Riggs

John K. Nieset
Kevin R. Tully
P. Ryan Plummer
Christovich & Kearney
60l Poydras St., Suite 2300
New Orleans, LA 70130
Counsel for Defendant/Appellee:
     Otis Elevator Company

Myron A. Walker, Jr.
William H. Burris
Seale, Smith, Zuber & Barnette
8550 United Plaza Blvd., #200
Baton Rouge, LA 70809
Counsel for Defendant/Appellee:
     Opelousas General Hospital Trust Authority

**Pickett, J.**

The plaintiff, Cora Riggs, appeals a judgment of the trial court dismissing her suit for personal injuries via a motion for summary judgment filed by the defendant, Opelousas General Hospital Trust Authority (the Hospital). That judgment was signed January 7, 2008, and mailed January 14, 2008. A second defendant, the Otis Elevator Company (Otis), also filed a motion for summary judgment which was granted by the trial court on January 4, 2008; it was also mailed on January 14, 2008. In her motion for devolutive appeal, the plaintiff stated that she wished to appeal "[a] judgment . . . signed on January 7, 2008 and mailed to all counsel on January 14, 2008." The order granting the plaintiff an appeal, which is attached to her motion for appeal, states that she "is granted a devolutive appeal from the Judgment signed in the above captioned matter on January 14, 2008." Since no judgment in this matter was *signed* on January 14, 2008, we looked to the motion for appeal for clarification. Insomuch as the only judgment referenced in the motion for appeal was the judgment signed January 7, 2008, we find that judgment, which dismisses the Hospital, is the only one properly before us on appeal. The judgment dismissing Otis was never properly appealed and thus, is not before us.

We affirm the judgment of the trial court signed January 7, 2008, dismissing the Hospital via its motion for summary judgment.

## FACTS

One January 14, 2003, the plaintiff, Cora Riggs, claims to have sustained injuries to her right shoulder when the elevator doors on the number six elevator at the Hospital allegedly closed on her as she entered the elevator. At the time of the

1

accident, Otis Elevator Company had a contract with the Hospital whereby it provided maintenance and repair to the Hospital's elevators.

## LAW AND DISCUSSION

In *Bridges v. City of Carencro*, 07-1593 (La.App. 3 Cir. 4/30/08), 982 So.2d 306, this court stated as follows:

The law applicable to summary judgments and to the appellate review thereof is well settled:

The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action, except those disallowed by law; the procedure is favored and must be construed to accomplish these ends. La. C.C.P. art. 966(A)(2); *Yarbrough v. Federal Land Bank of Jackson*, 31,815 (La.App.2d Cir. 03/31/99), 731 So.2d 482. *The motion should be granted only if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law.* La. C.C.P. art. 966(B); *Leckie v. Auger Timber Co.,* 30,103 (La.App.2d Cir. 01/21/98), 707 So.2d 459. The burden of proof remains with the mover. However, *if the party moving for summary judgment will not bear the burden of proof at trial* on the matter that is before the court on the motion for summary judgment, *then that party need not negate all essential elements of the adverse party's claim, action, or defense but may simply point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim*, action, or defense; thereafter, if the adverse party fails to produce factual support sufficient to establish that it will be able to satisfy the evidentiary burden of proof at trial, there is no genuine issue of material fact. *See*, La. C.C.P. art. 966(C)(2). When a motion is made and supported, as required by La. C.C.P. art. 966, an adverse party may not rest on the mere allegations or denials of his pleadings, but his response must set forth specific facts showing a genuine issue for trial. Otherwise, summary judgment, if appropriate, shall be rendered against him. La. C.C.P. art. 967.

2

> Appellate courts review summary judgments de novo under the same criteria that govern a district court's consideration of whether summary judgment is appropriate. *Kennedy v. Holder*, 33,346 (La.App.2d Cir. 05/10/00), 760 So.2d 587.

*Semien v. EADS Aeroframe Servs., LLC*, 04-760, pp. 1-2 (La.App. 3 Cir. 2/2/05), 893 So.2d 215, 216-17 (quoting *Sidwell v. Horseshoe Entm't Ltd. P'ship*, 35,718, pp. 2-4 (La.App. 2 Cir. 2/27/02), 811 So.2d 229, 230-31) (first emphasis added).

*Olson v. Rapides Parish Sheriff*, 07-57, pp. 2-3(La.App. 3 Cir. 5/2/07), 957 So.2d 282, 284.

*Bridges*, 982 So.2d at 307-08 (second emphasis ours).

In the case sub judice, the plaintiff theories of liability are based upon La.Civ.Code arts. 2317.1 and 2322. Louisiana Civil Code Article 2317.1 states:

> The owner or custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care. Nothing in this Article shall preclude the court from the application of the doctrine of res ipsa loquitur in an appropriate case.

And Louisiana Civil Code Article 2322 states:

> The owner of a building is answerable for the damage occasioned by its ruin, when this is caused by neglect to repair it, or when it is the result of a vice or defect in its original construction. However, he is answerable for damages only upon a showing that he knew or, in the exercise of reasonable care, should have known of the vice or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care. Nothing in this Article shall preclude the court from the application of the doctrine of res ipsa loquitur in an appropriate case.

The addition of the language to article 2317.1 that an owner is liable for damage "only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect" has effectively turned it from a claim based upon strict liability to a claim grounded in negligence. *See Monson v.*

*Travelers Prop. & Cas. Ins. Co.*, 06-921 (La.App.5 Cir. 4/24/07), 955 So.2d 758;

*Leonard v. Parish of Jefferson*, 05-32 (La.App. 5 Cir. 4/26/05), 902 So.2d 502; and

*Bourquard V. Winn Dixie La. Inc.*, 04-1150 (La.App. 5 Cir. 3/1/05), 900 So.2d 131.

Accordingly, to prevail in her claim, the plaintiff had to prove the following: (1) that the thing which caused the damage was in the defendant's custody or control, (2) that it had a vice or defect that presented an unreasonable risk of harm, (3) that the defendant knew or should have known of the vice or defect, (4) that the damage could have been prevented by the exercise of reasonable care, and (5) that the defendant failed to exercise such reasonable care. If the plaintiff fails to provide proof any one of these elements, his/her claim fails.

In our de novo review of the record, we find that the affidavit of Jeff Voiles, the maintenance examiner for Otis who services the elevators at the Hospital, clearly established that the Hospital neither knew nor should have known of any alleged defect in the elevator. Mr. Voiles' affidavit states that between January 14, 2002, through the date of the alleged accident, June 14, 2003, he was the only Otis employee to service and maintain the elevator in question and that, during that time period, the records he maintains for Otis indicate that no complaints were received and that no repairs were made to the doors of the elevator in question. Mr. Voiles' affidavit further states that in response to a complaint about the elevator in question, he went to the Hospital on January 14, 2003, spent 90 minutes inspecting the elevator, and found no evidence of any malfunction. His affidavit states: "All the components of the #6 elevator doors were operating normally, and I made no adjustments or repairs to the elevator." Mr. Voiles' affidavit goes on to state that Otis' records

4

reveal no complaints were received between January 15, 2003, and June 15, 2003, the period he reviewed.

Mr. Voiles also stated in his affidavit that he reviewed the photographs of the hand written "Out of Order" sign and that he had neither seen any such sign nor had he created any such sign.

Likewise, the affidavit of Steve Bordelon, the Director of Plant Operations at the Hospital, confirms that the Hospital had no knowledge of any alleged defect. In his affidavit he stated that while he and his department perform no work or maintenance on the Hospital's elevators, they are responsible for taking any malfunctioning elevator out of service and notifying Mr. Voiles of Otis of the problem. Mr. Bordelon stated in his affidavit that when an elevator is taken out of service a printed, magnetic, vinyl sign is placed on the elevator; these are the only signs the Hospital uses. His affidavit further stated that prior to incident involving the plaintiff on January 14, 2003, no complaints were received by his department regarding any elevator at the Hospital.

The plaintiff claims that she saw a hand lettered "Out of Order" sign on the elevator the day before the incident. However, she submitted no evidence or testimony to buttress her claim that any sign was posted on the elevators on January 13, 2003. In fact, several times in her deposition when asked specific questions, she responded that she didn't remember. She did submit three photographs which show a hand lettered "Out of Order" sign attached to the left door frame of an elevator. The plaintiff stated that she never saw the sign herself. Her daughter, who took the pictures, stated that they were taken some hours *after* the accident.

In her deposition, the plaintiff claimed that several hospital employees witnessed her accident. However, she failed to get the identity of any of these potential witnesses.

The plaintiff also claims that the trial judge erred in not applying the doctrine of res ipsa loquitur. First, "[a] plaintiff's failure to obtain available direct evidence does not entitle him/her to the application of *res ipsa loquitur*." *Linnear v. CenterPoint Energy Entex/Reliant Energy*, 41,171, p. 10 (La.App. 2 Cir. 8/4/06), 945 So.2d 1, 22, reversed on other grounds, 06-3030 (La. 9/5/07), 966 So.2d 36. Res ipsa loquitur is a rule of circumstantial evidence available to a plaintiff when direct evidence is not present. In the instant case, by the plaintiff's own admission, several hospital employees witnessed her accident. Additionally, the elevator involved in the accident was available for inspection by any expert she wished to employ. The plaintiff failed to depose or obtain affidavits from any of these witness, i.e., she failed to produce any evidence which would put knowledge of the Hospital at issue or to have her own expert examine the elevator. Its is well settled that:

> The doctrine of res *ipsa loquitur* involves the simple matter of a plaintiff's using circumstantial evidence to meet the burden of proof by a preponderance of the evidence. The doctrine merely assists the plaintiff in presenting a prima facie case of negligence when direct evidence is not available. The doctrine permits, but does not require, the trier of fact to infer negligence from the circumstances of the event. . .
>
> . . . .
>
> Use of *the doctrine of res ipsa loquitur* in a negligence case, as in any case involving circumstantial evidence, *does not relieve the plaintiff of the ultimate burden of proving by a preponderance of the evidence all of the elements necessary for recovery.*

*Cangelosi v. Our Lady of the Lake Medical Center*, 564 So.2d 654, 665-66 (La.1989)(citations and footnotes omitted)(emphasis ours).

In sum, we find no evidence in the record which supports a claim that, at the time of the plaintiff's accident, the Hospital "knew or should have known" of any problem with any elevator on its property. In fact, the affidavits of Jeff Voiles from Otis and Steve Bordelon, its own Plant Operations Manager, negate the claim of knowledge on the part of the Hospital. Since actual or constructive knowledge is an essential element of the plaintiff's cause of action, her claim fails.

Accordingly, for the reasons stated, the judgment of the trial court is affirmed. Costs of this appeal are assessed against the plaintiff, Cora Riggs.

**AFFIRMED.**