EDWIN A. LOMBARD, Judge.
 

 _[£The plaintiff, Patricia Jackson, appeals the July 30, 2009 judgment denying her motion for new trial from the November 17, 2008 judgment
 
 [1]
 
 , which granted a motion for summary judgment in favor of the defendant, Belle of Orleans, L.L.C.
 
 [2]
 
 For the reasons set forth below, we affirm.
 

 Relevant Facts and Procedural History
 

 Ms. Jackson filed a petition for damages alleging that, while a patron of the gaming casino owned by the defendant, she was knocked down and injured by one of the defendant’s employees. The petition alleges that the employee acted in a careless, inattentive, and reckless manner by not watching where he was going. The incident occurred on July 25, 2005; the petition incorrectly states July 25, 2006.
 

 In its motion for summary judgment, the defendant asserts that Ms. Jackson failed to establish the requisite breach of duty, arguing that it is impossible for Ms. Jackson to prove that an employee was negligent in the manner in which he was walking. The defendant maintains that, according to Ms. Jackson’s own deposition | ^testimony, she: (1) could not identify the person who bumped into her; (2) did not see the person prior to the impact; and (3) could not explain how the collision occurred. The defendant points to the following statements made by Ms. Jackson in her deposition: “I was coming from the concession stand and all I know is a gentleman walked off the elevator and the next thing I know, I was down flat on the floor. What happened, it was so fast, I don’t know. He was an employee there. I didn’t see him and evidently he didn’t see me. I definitely didn’t see him. All I know, I was flat on the floor.”
 

 
 *1003
 
 In opposition to the motion for summary judgment, Ms. Jackson asserts that her deposition testimony is enough to defeat summary judgment. Ms. Jackson relies on her statements that an employee knocked her down and admitted it was an accident. Ms. Jackson submits no other documentary evidence.
 

 The trial court rendered judgment on November 17, 2008, granting the motion for summary judgment in favor of the defendant. Thereafter, the trial court issued written reasons for judgment, stating that Ms. Jackson alleged that an employee acted in a careless and reckless manner but that she did not see the individual coming and could not describe what the individual was doing before he hit her. Accordingly, the trial court determined that Ms. Jackson was unable to produce any significant facts and/or evidence to demonstrate that an employee negligently injured her. The trial court further noted that Ms. Jackson had ample opportunity to conduct meaningful discovery (approximately two years) in order to defeat the motion for summary judgment, but failed to propound any formal discovery in connection with this case.
 

 In response to the granting of summary judgment, Ms. Jackson filed a motion for new trial, arguing that the hearing was rushed and that the trial court did |anot consider of the issues of fact raised in her memorandum. More specifically, Ms. Jackson asserted that the trial court did not consider her deposition testimony. The record reveals that Ms. Jackson presented no newly discovered evidence in connection with her motion for new trial. As explained by Ms. Jackson’s attorney at the hearing on the motion for summary judgment, all he had to present to prove the case was Ms. Jackson and her medical records.
 

 The trial court denied Ms. Jackson’s motion for new trial. Ms. Jackson now appeals both the November 17, 2008 ruling, which granted the defendant’s motion for summary judgment, and the July 30, 2009 judgment, which denied her motion for new trial.
 

 Applicable Law
 

 A motion for summary judgment will be granted “if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact, and that mover is entitled to judgment as a matter of law.” La.Code Civ. Proc. art. 966 B. When the movant will not bear the burden of proof at trial, his burden on motion for summary judgment is merely to point out that there is an absence of factual support for one or more elements essential to the adverse party’s claim; he is not required to negate all essential elements of the adverse party’s claim, action, or defense. Thereafter, the burden is on the adverse party to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial. La.Code Civ. Proc. art. 966 C(2). If he fails to do so, there is no genuine issue of material fact and summary judgment is appropriate.
 
 Id.
 

 A summary judgment is reviewed on appeal
 
 de novo,
 
 with the appellate court using the same criteria that govern the trial court’s determination of whether Rsummary judgment is appropriate,
 
 ie.
 
 whether there is any genuine issue of material fact, and whether the movant is entitled to judgment as a matter of law.
 
 Samaba v. Rau,
 
 2007-1726, pp. 3-4 (La.2/26/08), 977 So.2d 880, 882-883.
 

 A new trial shall be granted where: (1) the verdict or judgment appears clearly contrary to law and evidence; (2) when the party has discovered, since the trial, evidence important to the cause, which he could not, with due diligence,
 
 *1004
 
 have obtained before or during the trial; or (3) when the jury was bribed or behaved improperly so that impartial justice was not done. La. Code Civ. Proc. art. 1972. Additionally, Article 1973 provides that a new trial may be granted “in any case if there is good ground therefore, except as otherwise provided by law.” A trial judge has broad discretion in the granting or denying of a Motion for New Trial. The appellate standard of review of the ruling on a motion for new trial is whether the trial judge abused his discretion.
 
 Campbell v. Tork,
 
 2003-1341, p. 4 (La.2/20/04), 870 So.2d 968, 971.
 

 Discussion
 

 As the basis for the motion for new trial, Ms. Jackson argued that summary judgment was improperly granted because the trial court failed to consider the factual evidence presented in her deposition testimony, in effect, that the judgment was contrary to the law and evidence. We disagree.
 

 The record reveals that the trial court considered the deposition testimony, but found that it failed to provide significant facts and/or evidence to demonstrate that an employee of the defendant negligently injured her. After our
 
 de novo
 
 review, we find, as did the trial court, that Ms. Jackson’s deposition testimony was not sufficient to defeat the defendant’s properly supported motion for summary judgment. It is evident from her deposition that Ms. Jackson could not identify the Rperson who knocked her down, could not specifically identify that he wore a uniform of the defendant other than that he wore black and red, and could not explain how the collision occurred. The record further reflects that Ms. Jackson propounded no discovery and produced no incident reports, witness statements, or any other documentary evidence to show that an employee acted in a careless and negligent manner. Finally, any statements made to Ms. Jackson at the time of the incident,
 
 ie.
 
 the alleged admission by the unidentified employee, would be inadmissible hearsay.
 

 In sum, Ms. Jackson failed to produce factual support sufficient to establish that she will be able to satisfy her evidentiary burden of proof at trial. Thus, the trial court’s judgment was not contrary to the law and evidence, and there was no basis to grant a new trial.
 

 Conclusion
 

 For the foregoing reasons, we affirm both the motion for summary judgment granted in favor of the defendant and the denial of Ms. Jackson’s motion for new trial.
 

 AFFIRMED.
 

 [1]
 

 . The record on appeal reflects no notice of judgment was sent to parties after the November 17, 2008, judgment was rendered.
 

 [2]
 

 . Bally's Louisiana, Inc., the defendant initially named in the petition for damages, was formerly a member of Belle of Orleans, L.L.C., Bally’s sold its interest in Belle of Orleans, L.L.C., in June 2005, prior to the date of the incident in question. The petition was amended to name Belle of Orleans, L.L.C., as a defendant.