NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

16-200


KAREN POTIER

VERSUS

LAFAYETTE GENERAL MEDICAL CENTER, ET AL.


\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 2013-5771-A
HONORABLE JOHN D. TRAHAN, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

JOHN E. CONERY
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Jimmie C. Peters, James T. Genovese, and John E. Conery, Judges.


AFFIRMED.

**Harold D. Register, Jr.**
**A Professional Law Corporation**
**Post Office Box 80214**
**Lafayette, Louisiana  70598-0214**
**(337) 981-6644**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
       **Karen Potier**

**Nicholas Gachassin, Jr.**
**Nicholas Gachassin, III**
**Gary J. Delahoussaye**
**Gachassin Law Firm**
**Post Office Box 80369**
**Lafayette, Louisiana  70598**
**(337) 235-4576**
**COUNSEL FOR DEFENDANT/APPELLEE:**
       **Lafayette General Medical Center**

**CONERY, Judge.**

Plaintiff, Karen Potier, appeals the trial court's ruling granting summary judgment in favor of Lafayette General Medical Center (LGMC). The trial court dismissed Ms. Potier's claim for damages that she allegedly suffered when she became entangled in the straps of a gurney which had been used to transport her friend to the emergency room of LGMC. It is undisputed that the gurney was the property of the recently added codefendant, Acadian Ambulance Service, Inc. (Acadian). For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

On May 26, 2015, the trial court heard LGMC's motion for summary judgment seeking to dismiss the premises liability claim of Ms. Potier. Pursuant to La.Dist.Ct.R. 9.10(b)(2), LGMC submitted a list of material facts that were not genuinely in dispute. In her memorandum in opposition to LGMC's motion, Ms. Potier stated, "The facts as stated in Defendants' Memorandum are not contested."

Therefore, the uncontested facts of this case are as follows:

1. Plaintiff, Karen Potier, was a visitor in the Emergency Department at LGMC, having accompanied a friend during the Acadian Ambulance transport of the friend from her home to the Emergency Department at LGMC.

2. The gurney in dispute was placed in its position immediately prior to Plaintiff's fall by Acadian Ambulance personnel, ***not*** LGMC personnel.

3. Plaintiff fell when her left foot got caught in the straps of the Acadian Ambulance gurney, after the Plaintiff's friend (i.e. the patient) had already been transferred from the gurney to a hospital bed.

4. According to Plaintiff's own deposition testimony, LGMC did nothing "wrong" to cause her fall or alleged subsequent injuries.

After hearing argument of counsel, the trial court granted LGMC's motion for summary judgment and stated:

> Okay. I'm going to grant the motion. There isn't any evidence in the record that the employees of the hospital were guilty of anything. In fact, the plaintiff said in her deposition that there wasn't anything that they did wrong, the plaintiff just feels like she - - like the hospital is responsible because it occurred on their premises, which is not the law. And there hadn't been any showing that she can meet her burden of proof at trial, so the motion is granted.

On June 12, 2015, the trial court signed the judgment granting LGMC's motion for summary judgment dismissing Ms. Potier's claims with full prejudice and at Ms. Potier's cost. The judgment was mailed to all parties on June 16, 2015. On August 4, 2015, Ms. Potier filed her intent to file a writ with the trial court seeking a return date. The trial court signed an order granting Ms. Potier until August 17, 2015, to file her writ with this court. However, the order was not mailed to Ms. Potier until August 17, 2015.

On August 31, 2015, Ms. Potier sought and was granted an extension until September 17, 2015, to file a writ. On September 16, 2015, Ms. Potier sought and was granted an additional extension until October 9, 2015, to file her writ. The writ was filed in accordance with the extensions granted by the trial court.

On January 28, 2016, this court denied the writ, finding, "The judgment at issue in the instant writ application is an appealable judgment. La.Code Civ.P. art. 1915(A)(1)." Therefore, this court declined to "exercise their supervisory jurisdiction when an adequate remedy exists by appeal. *Douglass v. Alton Ochsner Medical Found.*, 96-2825 (La. 6/13/97), 695 So.2d 953." This court further found that any appeal of the trial court's June 12, 2015 judgment would now be untimely. Although this court held that any appeal of the trial court's June 12, 2015 judgment would be untimely, it found:

[T]hat Relator's notice of intent to seek supervisory writs would have been timely filed as a motion seeking an appeal from this judgment. Therefore, in keeping with the intent of *Armstrong v. Stein*, 94-97 (La. 3/18/94), 634 So.2d 845, we hereby consider Relator's notice of intent to seek supervisory writs as a timely filed motion for appeal.

The Relator was then required to "comply with the other rules governing an appeal." The case was remanded on January 28, 2016, to the trial court for:

Relator to comply with the other mandates of the Louisiana Code of Civil Procedure and the Louisiana Revised Statutes governing appeals. Thus, although Relator is deemed to have timely obtained an order granting the appeal, Relator must obtain a return date, complying with any other statutory provisions regarding appeals from rulings of this nature.

Subsequently, Ms. Potier filed a motion for appeal on February 8, 2016, and the appeal has been lodged for decision by this court.

## ASSIGNMENTS OF ERROR

Ms. Potier asserts three assignments of error on appeal:

I.  The trial court erred when it determined that there were no genuine issues of material fact regarding Lafayette General Medical Center's failure to ensure that the walkway within a patient's room was free from unreasonable and hazardous objects.

II. The trial court erred when it failed to determine that the comparative fault doctrine as elicited in Louisiana Civil Code Article 2323 precludes Summary Judgment in favor of Lafayette General Medical Center.

III. The trial court erred when it granted Defendant's motion for summary judgment because of plaintiff's alleged inability to meet her burden of proof at trial.

## LAW AND DISCUSSION

### *Standard of Review*

It is well settled that "[a]ppellate review of the granting of a motion for summary judgment is *de novo,* using the identical criteria that govern the trial court's consideration of whether summary judgment is appropriate." *Smitko v.*

*Gulf S. Shrimp, Inc.*, 11-2566, p. 7 (La. 7/2/12), 94 So.3d 750, 755. Summary judgment proceedings are "designed to secure the just, speedy, and inexpensive determination of every action, except those disallowed by Article 969. The procedure is favored and shall be construed to accomplish these ends." La.Code Civ.P. art. 966(A)(2).[1] Additionally, "After adequate discovery or after a case is set for trial, a motion which shows that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law shall be granted." La.Code Civ.P. art. 966(C)(1). Further, pursuant to La.Code Civ.P. art. 966(C)(2):

> The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse parry's claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.

### *Louisiana Civil Code Article 2317.1 - Premises Liability*

In their briefing to the trial court, both parties argued the applicability of La.Civ.Code art. 2317.1, which provides, in part:

> The owner or custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care.

Louisiana Civil Code Article 2317.1 was revised in 1996, with the addition of the wording: "only upon a showing that he knew or, in the exercise of

---

[1]A revision to La.Code Civ.P. art. 966 became effective on January 1, 2016. However, the hearing on the motion for summary judgment was held on May 26, 2015, and judgment was rendered on June 12, 2015. Therefore, the prior version of La.Code Civ.P. art. 966 is applicable to this appeal.

reasonable care, should have known of the ruin, vice, or defect which caused the damage." This addition to the article "has effectively turned it from a claim based upon strict liability to a claim grounded in negligence." *Riggs v. Opelousas Gen. Hosp. Trust Auth.*, 08-591, p. 3 (La.App. 3 Cir. 11/5/08), 997 So.2d 814, 817.

Therefore, in order to prevail under La.Civ.Code art. 2317.1, Ms. Potier must prove:

> (1) that the thing which caused the damage was in the defendant's custody or control, (2) that it had a vice or defect that presented an unreasonable risk of harm, (3) that the defendant knew or should have known of the vice or defect, (4) that the damage could have been prevented by the exercise of reasonable care, and (5) that the defendant failed to exercise such reasonable care. If the plaintiff fails to provide proof [of] any one of these elements, his/her claim fails.

*Riggs*, 997 So.2d at 817.

### *Louisiana Civil Code Article 2320 – Respondeat Superior*

In her petition, Ms. Potier also claimed that an LGMC employee witnessed "the entire negligent event where **KAREN POTIER'S** right leg became entangled with the gurney upon exiting the hospital room and subsequent fall to the ground." Therefore, she alleged that pursuant to La.Civ.Code art. 2320, LGMC was "directly and vicariously liable" for her damages. Louisiana Civil Code Article 2320 states in pertinent part, "Masters and employers are answerable for the damage occasioned by their servants and overseers, in the exercise of the functions in which they are employed."

### *LGMC's Submissions in Support of Summary Judgment*

In support of its motion for summary judgment, LGMC submitted the following documentation, which provided support for the above-stated undisputed facts and the trial court's determination that LGMC's employees were not

negligent. Further, although the incident occurred on the LGMC premises, under the present version of La.Civ.Code art. 2317.1, Ms. Potier would be unable to meet her burden of proof at trial. The submitted documentation included:

Exhibit 1 - Plaintiff's Petition For Damages - November 14, 2013

Exhibit 2 - Deposition of Karen Potier - December 5, 2014

Exhibit 3 - Defendant's Interrogatories and Request for Production of Documents/Plaintiff's Responses

Ms. Potier submitted a memorandum in opposition, but no documentation in opposition to LGMC's motion for summary judgment.

After a *de novo* review of the record, we affirm the trial court's judgment granting summary judgment in favor of LGMC and dismissing with prejudice the claims of Ms. Potier on the basis that she will be unable to carry her burden of proof at trial and that there are no genuine material facts to preclude summary judgment pursuant to La.Code Civ.P. art. 966.

The deposition of Ms. Potier confirms that the gurney was the property of Acadian and was used by Acadian's paramedics to transport Ms. Potier's friend from the ambulance into the emergency room. Although the incident took place on the premises of LGMC, the gurney that caused the alleged damage to Ms. Potier was not in LGMC's custody or control. After the arrival of Acadian's ambulance at LGMC, Ms. Potier testified the gurney was positioned in the treatment room by the Acadian paramedics to facilitate the transfer of Ms. Potier's friend to the treatment room bed. Ms. Potier further testified that while one of the paramedics was still speaking with the patient, Ms. Potier began to exit the treatment room. Monique Cohen, the head nurse, was at the door and had not yet entered the treatment room. As Ms. Potier was edging out of the treatment room, her foot

6

became entangled in the Acadian gurney straps, and she fell to her knees. Ms. Potier was assisted to her feet by Nurse Cohen and taken to another treatment room to sit down. Her husband was called and arrived approximately forty minutes later to take her back to Parks, Louisiana.

In her deposition testimony, Ms. Potier testified that none of the employees of LGMC had done anything to cause her entanglement in the gurney straps or subsequent fall. Therefore, she would be unable to carry her burden of proof pursuant to La.Civ.Code art. 2320, for any alleged negligence of an employee of LGMC. Further, since it is undisputed that LGMC did not have ownership or control of the gurney and no notice of any vice or defect, there likewise is no liability under La.Civ.Code art. 2317.1.

## CONCLUSION

For the foregoing reasons, we affirm the June 12, 2015 judgment of the trial court. After a *de novo* review, there are no material facts that preclude the trial court's judgment granting summary judgment in favor of Lafayette General Medical Center and dismissing Karen Potier's claims with full prejudice and at her cost. All costs of this appeal are assessed to Karen Potier.

**AFFIRMED.**

This opinion is **NOT DESIGNATED FOR PUBLICATION**. Uniform Rules—Courts of Appeal, Rule 2–16.3

7