NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

20-456

CODY PARKER

VERSUS

AMERICAN WESTERN HOME INSURANCE AND

MIKE BLAKLY

**********

APPEAL FROM THE
THIRTY-SIXTH JUDICIAL DISTRICT COURT
PARISH OF BEAUREGARD, NO. 20160959
HONORABLE MARTHA ANN O'NEAL, DISTRICT JUDGE

**********

**JOHN E. CONERY**
**JUDGE**

**********

Court composed of Billy H. Ezell, John E. Conery, and Candyce G. Perret, Judges.

**AFFIRMED.**

**Scott Iles**
**Attorney at Law**
**Post Office Box 3385**
**Lafayette, Louisiana  70502**
**(337) 234-8800**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
     **Cody Parker**

**Richard J. Petre, Jr.**
**Onebane Law Firm**
**Post Office Box 3507**
**Lafayette, Louisiana 70502-3507**
**(337) 237-2660**
**COUNSEL FOR DEFENDANT/APPELLEE:**
     **American Western Home Insurance Company**

**J. McCaleb Bilbro**
**Gaudry, Ranson, Higgins & Gremillion, L.L.C.**
**Post Office Box 1910**
**Gretna, Louisiana 70054**
**(504) 362-2466**
**COUNSEL FOR DEFENDANT/APPELLEE:**
     **Mike Blakly**

**CONERY, Judge.**

The plaintiff Cody Parker (Mr. Parker) appeals the judgment of the trial court wherein it granted separate motions for summary judgment filed on behalf of the defendant Mike Blakly (Mr. Blakly) and American Western Home Insurance Company (Western), Mr. Blakly's insurer.[1] The trial court dismissed Mr. Parker's claims in their entirety with prejudice and cast him with costs. For the following reasons, we affirm.

### FACTS AND PROCEDURAL HISTORY

On April 19, 2016, Mr. Parker allegedly suffered injury when he fell through the kitchen floor of a mobile home leased by Mr. Blakly to Mr. Parker's sister, Mrs. Kristi McCann and his brother-in-law, Mr. Jerome McCann (McCanns). The McCanns occupied the mobile home with their three children Jay, Sara, and Logan Whitaker. Mr. Parker had been staying in the mobile home for approximately six days before the alleged accident occurred and described the property as being in "good shape" upon his arrival.

Mr. Parker filed suit on October 17, 2016, claiming his accident and injuries were the result of Mr. Blakly's failure to maintain the mobile home. In response, four members of the McCann family were deposed, along with Ms. Deborah Armentor, Mr. Blakly's former wife. Each testified that they did not observe any flooring problems in the kitchen area where Mr. Parker allegedly fell through the floor and was injured.

---

[1] In a prior proceeding, the trial court granted Western's summary judgment denying insurance coverage to Mr. Blakly based on a business exclusion in his Western policy. The trial court's judgment was reversed by another panel of this court in *Parker v. American Western Home Ins. Co.*, 18-392 (La.App. 3 Cir. 12/28/18), 261 So.3d 1085. Hence, there are separate counsel representing Mr. Blakly and Western.

The depositions taken of the McCann family, the mobile home's occupants for the period prior to and including the date of the alleged incident wherein Mr. Parker fell through a part of the kitchen floor, revealed that none of the family members observed any problems with the flooring in the kitchen of the mobile home.

Sara Whitaker, one of the two oldest children, testified that prior to the accident itself that she did not notice a weakness in the area of the kitchen floor involving the accident. Jay Whitaker, the other child capable of testifying, did not observe any problems with the flooring anywhere in the mobile home. Their father, Jeromie McCann, testified that prior to the accident, he did not observe problems with the home's flooring -- such as weak spots or buckling. Krissie McCann, the children's mother, testified by deposition that prior to the accident, her only complaint about the flooring pertained to carpet staples. She further testified that prior to the accident she had not made any complaints about the home's flooring. In fact, she testified that she had walked over the subject area of the kitchen floor "a lot" before the accident and detected no reason for concern about its condition.

Furthermore, Mr. Parker, who had been staying at his sister's, Mrs. McCann's, mobile home for six days, also did not notice any flooring problems before his accident. Mr. Parker testified by deposition regarding the flooring in the mobile home as follows:

Q. And did you notice any weakness in the floor in the bathroom that you used that was down near the children's room?

A. No, ma'am.

Q. Did you notice any weakness in the flooring along this hallway?

A. No, ma'am.

Q. Did you notice any weakness in the floor in the den?

2

A.   No, ma'am.

Q.   And in the kitchen, the linoleum was still there, correct?

A.   Yes, ma'am.

Q.   Did you notice any weakness in the floor when you walked across it --

A.   No, ma'am.

At the inception of the lease of the mobile home, Mr. Blakly informed Mr. McCann that he was responsible for the mobile home's maintenance. Sometime after the accident, Mr. Blakly testified that he evicted the McCanns for failure to pay their rent. After the eviction, Mr. Blakly inspected the mobile home and found that the kitchen floor was damaged. There were holes in the kitchen floor that appeared to have been made by a sledgehammer. Mr. Blakly testified that he "had no knowledge [of the flooring holes] till I made the walk-through at the end of the eviction."

Other than the McCann family and Mr. Parker, Ms. Deborah Armentor, Mr. Blakly's former wife, was also deposed. Ms. Armentor testified that during the McCann's tenancy there had been a "bump" in the kitchen floor, but Mr. Parker did not allege in his petition that the "bump" in the floor was the cause of his accident. Furthermore, Ms. Armentor testified that the "bump" had been fixed while the McCanns were occupying the mobile home and prior to Mr. Parker's alleged accident. In addition, Ms. Armentor spent two nights in the McCann home prior to the incident at issue and testified that the "[f]loors were fine."

After the close of discovery, both Mr. Blakly and Western, his insurer, filed motions for summary judgment seeking to dismiss Mr. Parker's lawsuit. The motions for summary judgment were heard on February 3, 2020 and the trial court

3

issued written reasons for ruling on February 5, 2020, wherein it granted both motions. The trial court found that Mr. Parker's opposition was based solely on the testimony of Ms. Armentor, who despite showing animosity toward her ex-husband, and discussing various unrelated problems with the kitchen flooring, testified on personal knowledge that the "floors were fine."

A final judgment was signed on February 26, 2020 from which Mr. Parker filed the timely appeal that is now before this court.

## ASSIGNMENT OF ERROR

In his appeal brief to this court, Mr. Parker lists one assignment of error:

(1)   The District Judge erred in granting American Western Home Insurance Company and Mike Blakly's Motions for Summary Judgment thereby dismissing plaintiff's claims, finding no "prior notice" on the part of Blakly of a defect in his premises.

## LAW AND DISCUSSION

*Summary Judgment – Standard of Review*

The Louisiana Supreme Court in *State v. Louisiana Land & Exploration Co.* 12-884, p. 7 (La. 1/30/13), 110 So.3d 1038, 1044, reiterated the language of *Smitko v. Gulf South Shrimp, Inc.*, 11-2566, p. 7 (La. 7/2/12), 94 So.3d 750, 755 that "'[a]ppellate review of the granting of a motion for summary is *de novo*, using the identical criteria that govern the trial court's consideration of whether summary judgment is appropriate.'"

Louisiana Code of Civil Procedure Article 966(A)(3) requires a court to grant a motion for summary judgment "if the motion, memorandum, and supporting documents show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law."

Further, as provided in La.Code Civ.P. art. 966(D)(1):

4

The burden of proof rests with the mover. Nevertheless, if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law.

We therefore turn to consideration of Mr. Blakly's and Western's respective motions for summary judgment.

***Premises Liability***

Plaintiff's petition advanced a cause of action under the concept of premises liability. Louisiana Civil Code Articles 2317.1 and 2322 are thus applicable. Louisiana Civil Code Article 2317.1 provides:

The owner or custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care. Nothing in this Article shall preclude the court from the application of the doctrine of res ipsa loquitur in an appropriate case.

Thus, a plaintiff seeking premises recovery under La.Civ.Code art. 2317.1 must prove:

(1) that the thing which caused the damage was in the defendant's custody or control, (2) that it had a vice or defect that presented an unreasonable risk of harm, (3) that the defendant knew or should have known of the vice or defect, (4) that the damage could have been prevented by the exercise of reasonable care, and (5) that the defendant failed to exercise such reasonable care.

*Owens v. McIlhenny Co.*, 18-754, p. 3 (La.App. 3 Cir. 3/27/19), 269 So.3d 839, 842 (quoting *Riggs v. Opelousas Gen. Hosp. Tr. Auth.*, 08-591, p. 4 (La.App. 3 Cir. 11/5/08), 997 So.2d 814, 817). *See also Grossie v. MGM Prop., Inc.*, 18-224

5

(La.App. 3 Cir. 4/10/19), 269 So.3d 931. A plaintiff's failure to provide proof of any one of the elements is fatal to his or her claim. *Owens*, 269 So.3d 839.

Louisiana Civil Code Article 2322 provides:

> The owner of a building is answerable for the damage occasioned by its ruin, when this is caused by neglect to repair it, or when it is the result of a vice, or defect in its original construction. However, he is answerable for damages only upon a showing that he knew or, in the exercise of reasonable care, should have known that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care. Nothing in this Article shall preclude the court from the application of the doctrine of res ipsa loquitur in an appropriate case.

The addition of the wording in La.Civ.Code art. 2322 that indicates an owner or custodian "is liable for damages 'only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice or defect' has effectively turned it from a claim based upon strict liability to a claim grounded in negligence." *Riggs*, 997 So.2d at 817. Accordingly, for a trial court or jury to find Mr. Blakly at fault, the plaintiff must present evidence that he knew or should have known that the flooring condition that was the alleged cause of the accident was unreasonably dangerous.

In their motions for summary judgment, both defendants focused their argument on the element of Mr. Blakly's actual or constructive knowledge of the purported defect in the flooring of the mobile home. As previously stated, Mr. Blakly had not entered the McCanns' residence since they took occupancy when Mr. Blakly informed Mr. McCann that Mr. McCann would be responsible for the mobile home's maintenance. It was not until the McCanns were evicted by Mr. Blakly that he inspected the mobile home and found damage to the flooring in the kitchen, which appeared to have been done by a sledgehammer.

Mr. Parker's opposition, as stated by the trial court in its reasons for ruling, was solely based on the deposition testimony of Ms. Armentor to "prove the essential element of constructive or actual notice" of a problem with the kitchen floor that resulted in Mr. Parker's accident and injuries.

In its written reasons, the trial court quoted Ms. Armentor's testimony "in relation to the mobile home after her two-night stay," wherein she stated:

> "It was just crazy.  Like I said, I didn't know these people that well, but she's got seven kids, and I wasn't going to let someone threaten her and her kids and her kids and her not sleep another night. I spent two nights over there.
>
> Q    Okay.  In that time that you were there --
>
> A    The floors were fine.
>
> Q    --the floors were fine?
>
> A    They fixed the bump.  They fixed the bump.
>
> Q    You went into the kitchen, and there was no bump there?
>
> A    Correct.  They had plywood over it, and they fixed it.  I slept on the couch.  I've been in the bedroom because I had to go to the bathroom. There was no holes in the floor.
>
> Q    Okay.  So the floors were fine?
>
> A    Uh-huh (affirmatively).
>
> Q    As far as you know, they had never complained about the floor giving way or --
>
> A    No, ma'am.
>
> Q    -- a defective floor?
>
> A    No."

7

Ms. Armentor's deposition testimony resulted in the trial court's finding in its written reasons as follows:

> Her testimony leaves no room [f]or any other conclusion that there was anything [sic] issue with the flooring in the mobile home. Parker's opposition presents only Ms. Armentor as the witness to support constructive or actual consent [notice]. Her testimony clearly states that "The floors were fine." [ ]
>
> The opposition that Parker relies on does not have any suggestion [of] either actual or constructive notice of a flooring issue of any type. Cody Parker has failed to meet his burden to overcome this Motion for Summary judgment.

The trial court found that Mr. Parker failed to carry his burden of proof to defeat the summary judgments filed on behalf of Mr. Blakly and Western. A thorough review of the record demonstrated that there was no evidence that there was a problem with the flooring in the kitchen which would have given Mr. Blakly either actual or constructive notice of a "flooring issue of any type," needed to defeat the motions for summary judgment.

The trial court granted summary judgment in favor of both defendants, cast Mr. Parker with all costs of the case, and rendered judgment on February 26, 2020. We agree and affirm the trial court's ruling granting summary judgment in favor of Defendants/Appellees Mike Blakly and American Western Home Insurance Company, dismissing plaintiff's suit with prejudice and at plaintiff's cost.

## CONCLUSION

For the foregoing reasons, the judgment of the trial court is affirmed in its entirety. All costs of this appeal are assessed to Plaintiff/Appellant Cody Parker.

**AFFIRMED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
Rule 2-16.3 Uniform Rules, Courts of Appeal.