**STATE OF LOUISIANA**
**COURT OF APPEAL, THIRD CIRCUIT**


**24-38**


**D. BELLARD**

**VERSUS**

**ABC INSURANCE COMPANY, ET AL.**


**\*\*\*\*\*\*\*\*\*\***


APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 2020-2391
HONORABLE THOMAS J. FREDERICK, DISTRICT JUDGE


**\*\*\*\*\*\*\*\*\*\***


**CHARLES G. FITZGERALD**
**JUDGE**


**\*\*\*\*\*\*\*\*\*\***


Court composed of D. Kent Savoie, Charles G. Fitzgerald, and Guy E. Bradberry,
Judges.


**AFFIRMED.**

**Tracy P. Curtis**
**The Glenn Armentor Law Corporation**
**300 Stewart Street**
**Lafayette, Louisiana 70501**
**(337) 233-1471**
**Counsel for Plaintiffs/Appellants:**
    **David Bellard**
    **Rosella Bellard**


**Tom S. Easterly**
**John A. Milazzo, Jr.**
**Shelby G. LaPlante**
**Taylor, Porter, Brooks & Phillips L.L.P.**
**Post Office Box 2471**
**Baton Rouge, Louisiana 70821-2471**
**(225) 387-3221**
**Counsel for Defendants/Appellees:**
    **AirTuck Lafayette, LLC**
    **Sky Zone, LLC**
    **Everest National Insurance Company**

**FITZGERALD, Judge.**

In this appeal, we are asked to review two trial court judgments. The first judgment granted Defendants' motion for summary judgment and dismissed David Bellard's claims for premises liability and negligence. And the second judgment sustained Defendants' exception of prescription and dismissed Rosella Bellard's claim for loss of consortium.

**FACTS AND PROCEDURAL HISTORY**

In September 2019, David was injured when he and his wife, Rosella, were at Sky Zone Trampoline Park attending their grandchild's birthday party. While there, David placed his hand on a picnic table to sit down when it "gave way," causing him to fall and sustain personal injuries. David contends that the table "gave way" due to a defective condition caused by a loose or missing fastener.

At the time of the incident, the trampoline park was owned and operated by AirTuck Lafayette LLC. By contrast, Sky Zone LLC was the franchising entity: Sky Zone was the franchisor, and AirTuck was the franchisee.

In May 2020, David filed a petition for damages against AirTuck, Sky Zone, and ABC Insurance Company. The following year, David amended his petition and replaced ABC Insurance Company with Everest National Insurance Company, as the insurer of both AirTuck and the premises. The case progressed, and trial was ultimately set for September 2023.

However, three months before trial—in June 2023—Defendants filed a motion for summary judgment on liability. The hearing was held on July 31, 2023, and the trial court granted the motion and dismissed David's claims from the bench. A written judgment reflecting this ruling was signed on August 14, 2023.

Notably, David was the sole plaintiff until July 2023. This is when Rosella joined the suit as an additional plaintiff and asserted a loss-of-consortium claim. In

response, Defendants filed the peremptory exception of prescription. After a hearing, the trial court sustained the exception and dismissed Rosella's claim. This ruling was reduced to a written judgment signed on October 6, 2023.

Plaintiffs now appeal both judgments: the judgment of August 14, 2023 (granting summary judgment) and the judgment of October 6, 2023 (sustaining the exception of prescription). Yet on appeal, their assignments of error pertain only to the trial court's grant of summary judgment:

> A. The trial court failed [to] apply correct procedure and failed to recognize that defendants' admission against interest [created] a genuine issue the resolution of which depends on credibility. Specifically, the single fastener that held defendants' party-room picnic table's legs together and alone supported the table[]top gave way and injured plaintiff as he attempted to sit down. Plaintiff testified that when he reported the accident to the party attendant that she told plaintiff that she had previously informed her employer about the table's missing or loose fastener. That admission against interest was some evidence supporting plaintiff's allegations of defect and notice. The trial court thus erred in apparently concluding that the procedural burden of proof shifted to plaintiff.
>
> B. Likewise, the trial court erred when it ignored the admission of interest as creating an issue of fact that required weighing credibility and thus resolution by a jury.

## LAW AND ANALYSIS

As alluded to above, Plaintiffs' appeal brief does not address the trial court's judgment of October 6, 2023, which sustained Defendants' exception of prescription and dismissed Rosella's claim for loss of consortium. Plaintiffs' brief does not designate this ruling as an assignment of error or issue for review. Nor does it contain any argument that the ruling was in error. Because of this, Plaintiff's appeal of the October 6, 2023 judgment is deemed abandoned. Uniform Rules—Courts of Appeal, Rule 2–12.4(B)(4).

Turning now to the judgment of August 14, 2023, which granted Defendants' motion for summary judgment.[1] In reviewing a trial court's decision on a motion for summary judgment, this court applies the de novo standard of review using the same criteria applied by the trial court to determine whether summary judgment is appropriate. *Samaha v. Rau*, 07-1726 (La. 2/26/08), 977 So.2d 880.

"[A] motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law." La.Code Civ.P. art. 966(A)(3).

The burden of proof in summary judgment proceedings is set forth in La.Code Civ.P. art. 966(D)(1), which states:

> The burden of proof rests with the mover. Nevertheless, if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law.

"Once the motion for summary judgment has been properly supported by the moving party, the failure of the non-moving party to produce evidence of a material factual dispute mandates the granting of the motion." *Hays v. Autin*, 96-28, p. 6 (La.App. 3 Cir. 12/26/96), 685 So.2d 691, 694, *writ denied*, 97-281 (La. 3/14/97), 690 So.2d 41.

In addition, "The only documents that may be filed or referenced in support of or in opposition to the motion [for summary judgment] are pleadings, memoranda,

---

[1] Rosella's joinder occurred after Defendants filed their motion for summary judgment. Therefore, Defendants' motion pertains only to David's claims.

3

affidavits, depositions, answers to interrogatories, . . . written stipulations, and admissions." La.Code Civ.P. art. 966(A)(4)(a). "The court shall consider only those documents filed or referenced in support of or in opposition to the motion for summary judgment but shall not consider any document that is excluded pursuant to a timely filed objection." La.Code Civ.P. art. 966(D)(2).

Here, David's claims against Defendants are based on premises liability and negligence pursuant to La.Civ.Code art. 2317.1. In relevant part, David's petition alleges that AirTuck is liable because it "failed to detect and correct the [d]efect of which it had actual or constructive notice[.]" David then alleges that "Sky Zone caused the Incident by supplying Air[T]uck [with the] picnic table, specifying it, and/or requiring Air[T]uck to use the picnic table, and/or by failing to instruct on proper furniture fabricate, inspect and/or improve furniture." And finally, David alleges that Everest National is liable as the insurer of both AirTuck and the premises.

To prevail on a claim under La.Civ.Code art. 2317.1, a plaintiff such as David must prove:

> (1) that the thing which caused the damage was in the defendant's custody or control, (2) that it had a vice or defect that presented an unreasonable risk of harm, (3) that the defendant knew or should have known of the vice or defect, (4) that the damage could have been prevented by the exercise of reasonable care, and (5) that the defendant failed to exercise such reasonable care. If the plaintiff fails to provide proof [of] any one of these elements, his/her claim fails.

*Riggs v. Opelousas Gen. Hosp. Trust Auth.*, 08-591, p. 4 (La.App. 3 Cir. 11/5/08), 997 So.2d 814, 817.

In their motion for summary judgment, Defendants attempt to point out that David lacks factual support for one or more essential elements. To this end, Defendants allege that David lacks factual support to prove the existence a vice or defect. They also allege that David lacks factual support to show actual or

4

constructive knowledge. Defendants then support their motion by attaching the following documents: David's petition and deposition; the depositions of Herbert Sterling, Logan Jenkins, and Kaylee Pikaart; and the affidavit of Landon Crutchfield.

In David's petition, for example, he alleges that "[t]he table gave way due to a loose or missing fastener (the Defect), and [he] fell to the ground[.]" Yet his deposition reveals that he has no firsthand knowledge that any screw, bolt, or fastener was missing or loose. Additionally, Herbert Sterling, who was the general manager of the trampoline park, testified that he was not aware of any similar incidents with any of the picnic tables. Logan Jenkins, who was a long-time employee, stated that he was not aware of any defect in the picnic table as alleged by David. Likewise, Kaylee Pikaart, another long-time employee, testified that she had no knowledge of any defect as alleged by David. And finally, Logan Crutchfield, who was the operations manager since June 2018, stated that this incident was the first of its kind. Logan also stated that there were no complaints or reports of any vice or defect of any kind with respect to the picnic tables prior to the alleged incident.

As demonstrated above, Defendants sufficiently pointed out David's absence of factual support for at least two elements essential to his claim. Hence, the burden of production under La.Code Civ.P. art. 966(D)(1) shifted to David to produce evidence of a material factual dispute.[2] In attempting to meet this burden, David's

---

[2] In his first assignment of error, David argues that the trial court erred in shifting the burden of production to him under La.Code Civ.P. art. 966(D)(1). In support, David points to his deposition transcript. He then homes in on a portion of his deposition testimony, specifically the part where he states that an unidentified AirTuck employee appeared shortly after his fall and admitted knowing that the table had a loose fastener. David contends that this out-of-court statement by the unidentified employee was an evidentiary admission by Defendants. And this admission, according to David, created a genuine issue of material fact as to "defect" and "notice." We disagree. As addressed below, the out-of-court statement is not an evidentiary admission under La.Code Evid. art. 801(D)(3)(a). Rather, it is inadmissible hearsay, which the trial court correctly did not consider in deciding the motion for summary judgment.

opposition memorandum filed in the trial court relies on two pieces of evidence: first, his own deposition. And second, a Sky Zone Operations Manual.

*Vice or Defect*

"The existence of a defect may not be inferred solely from the fact that an accident occurred; rather, a plaintiff is required to prove, by a preponderance of the evidence, the existence of a defect and that the defect caused the plaintiff's damages." *Maddox v. Howard Hughes Corp.*, 19-135, p. 6 (La.App. 4 Cir. 4/17/19), 268 So.3d 333, 338.

As to this element, the only evidence that David relies on in opposing summary judgment is his own deposition testimony. Specifically, David testified that after his fall, a female employee appeared and offered a full admission on behalf of the Defendants, stating that she knew a screw was missing from the table and that she had been telling someone they needed to fix it. Yet David never identified this person. Nor did he provide any evidence that this person was employed by Defendants.

Defendants, in their reply to the trial court, objected to this portion of David's deposition testimony. In essence, Defendants argued that David's testimony about what this unidentified person told him constituted inadmissible hearsay. We agree.

In a factually similar case, a plaintiff casino patron claimed that her deposition testimony was enough to defeat summary judgment. *Jackson v. Bally's Louisiana, Inc.*, 09-1574 (La.App. 4 Cir. 4/7/10), 36 So.3d 1001. There, Ms. Jackson relied on her statements that an unidentified casino employee knocked her down and then admitted it was an accident. She submitted no other documentary evidence in opposing summary judgment. The trial court granted the motion.

On appeal, the fourth circuit concluded that Ms. Jackson's summary judgment evidence was insufficient to show that an alleged casino employee acted in a careless

and negligent manner by allegedly knocking her down: it was evident from her deposition testimony that she could not identify the person who knocked her down, could not specifically identify that said person wore a uniform of the casino, and could not explain how the collision occurred. Ms. Jackson provided no other evidence. The fourth circuit affirmed the grant of summary judgment, explaining that "any statements made to Ms. Jackson at the time of the incident, i.e. the alleged admission by the unidentified employee, would be inadmissible hearsay." *Id*. at 1004.

Here, despite having over four years to investigate, David cannot identify the declarant or show that she was employed by any of the Defendants. Very simply, David's deposition testimony about what this alleged employee told him does not qualify as non-hearsay under La.Code Evid. art. 801(D)(3)(a).[3] Nor does this testimony fall within an exception to the hearsay rule. Defendants properly objected in their reply memorandum to David's use of this portion of his deposition testimony. And thus, in our view, this testimony cannot be used to support or defeat summary judgment: it is inadmissible hearsay.

In sum, David failed to produce factual support sufficient to establish a genuine issue of material fact as to the existence of a vice or defect. Specifically, David failed to produce any evidence specifying the component part of the table—bolt, screw, or fastener—which was allegedly defective and caused it to collapse; he admitted having no firsthand knowledge of whether the bolt, screw, or fastener was missing or loose; and he provided no evidence showing that a missing or loose bolt, screw, or fastener rendered the picnic table unsafe or defective. Again, the only

---

[3] La.Code Evid. art. 801(D)(3)(a) defines the following type of statement as non-hearsay: "A statement by an agent or employee of the party against whom it is offered, concerning a matter within the scope of his agency or employment, made during the existence of the relationship[.]" In the case before us, the foundational requirements for Article 801(D)(3)(a) have not been met.

evidence that David submitted in opposition to summary judgment was his own unsubstantiated hearsay testimony. And this is not enough.

*Actual or Constructive Knowledge*

"An essential element to a claim under [La.Civ.Code art.] 2317.1 is proof that the owner or custodian had actual or constructive knowledge of the defect, meaning the party either knew of the defect or, in the exercise of reasonable care, should have known of the defect." *Jones v. Whips Elec., LLC*, 22-1035, pp. 5–6 (La. 11/22/22), 350 So.3d 846, 850. A court may find constructive knowledge "if a condition that caused the injury existed for such a length of time, that the responsible party must have discovered it in the exercise of ordinary care and diligence." *Dronette v. Shelter Ins. Co.*, 08-654, p. 4 (La.App. 3 Cir. 12/10/08), 998 So.2d 942, 945.

Here, David does not have personal knowledge as to whether the picnic table had any purported defect prior to his fall, whether Defendants knew of any such defect, or whether Defendants failed to exercise reasonable care. To establish the knowledge element for liability under La.Civ.Code art. 2317.1, David relies solely on the hearsay deposition testimony discussed above. And again, this is not enough.

Put simply, David failed to produce factual support sufficient to establish a genuine issue of material fact as to Defendants' actual or constructive knowledge of the purported defect.

*Other Deficiencies*

As stated previously, David's petition alleges that "Sky Zone caused the [i]ncident by supplying Air[T]uck picnic table, specifying it, and/or requiring Air[T]uck to use the picnic table, and/or by failing to instruct on proper furniture fabricate, inspect and/or improve furniture."

To prove premises liability with respect to Sky Zone, David had to establish that the picnic table was in Sky Zone's custody or control, along with proving the

other elementals of La.Civ.Code art. 2317.1. The test for determining custody is "whether the defendant had the right of direction or control over the thing and what, if any, benefit the defendant derived from the thing." *Jordan v. Thatcher St., LLC*, 49,820, p. 8 (La.App. 2 Cir. 6/10/15), 167 So.3d 1114, 1118.

In attempting to establish Sky Zone's custody or control, the only summary judgment evidence relied on by David was Sky Zone's Operations Manual, which David attached to his opposition memorandum. David refers to the manual's language that franchisees like AirTuck "must purchase *certain items* from Sky Zone Franchise Group or its affiliates[.]" (Emphasis added). David assumes that the phrase "certain items" includes picnic tables. Hence, David suggests that Sky Zone had custody or control because AirTuck was required to purchase the picnic table from Sky Zone.

On review, nothing in the manual shows that picnic tables are considered "certain items" which franchisees such as AirTuck must purchase from Sky Zone. Moreover, nothing in the manual shows that the picnic table at issue was purchased at Sky Zone's request or direction. Accordingly, David's reliance on the manual to prove Sky Zone's custody and control is misplaced.

In the end, David failed to produce any evidence of liability against Sky Zone under La.Civ.Code art. 2317.1.

## DECREE

For the above reasons, we affirm the trial court judgments of August 14, 2023, and October 6, 2023. The costs of this appeal are assessed to David Bellard and Rosella Bellard.

**AFFIRMED.**