768 So.2d 102 (2000)
Carrie BIBINS
v.
ST. FRANCIS CABRINI HOSPITAL.
No. 00-133.
Court of Appeal of Louisiana, Third Circuit.
June 7, 2000.
Rehearing Denied September 27, 2000.
*103 Larry B. Minton, Alexandria, Louisiana, Counsel for Plaintiff/Appellant.
Lucy G. Sikes, Van Hoof & Sikes, Lecompte, Louisiana, Counsel for Defendant/Appellee.
(Court composed of Judge BILLIE COLOMBARO WOODARD, Judge JIMMIE C. PETERS, and Judge MARC T. AMY).
WOODARD, Judge.
Ms. Carrie Bibins sustained injuries while in the course and scope of her employment at St. Frances Cabrini Hospital (SFCH). SFCH paid her total temporary disability (TTDs) benefits until it discovered that she failed to disclose her full-time employment with O.L.S. Community Homes (OLS). She sued SFCH when it discontinued payments of her workers' compensation benefits. SFCH moved for summary judgment, alleging that she forfeited her workers' compensation benefits under La.R.S. 23:1208. The trial court granted SFCH's motion for summary judgment. She appeals that determination.
A forfeiture of workers' compensation benefits under La.R.S. 23:1208 requires a willful misrepresentation made for the purpose of obtaining workers' compensation benefits. When requesting summary judgment, the mover must provide sufficient, supporting, conclusive evidence. Then, the nonmover must set forth specific facts, showing that there is a genuine issue of material fact in dispute for trial.
After reviewing the record de novo, we found that SFCH conclusively established its entitlement to summary judgment, and Ms. Bibins did not set forth evidence of a genuine issue of material fact in dispute remaining for trial. Accordingly, we affirm the workers' compensation judge's summary judgment.

* * * * *
Ms. Bibins obtained employment as a technical partner at SFCH on July 24, 1995. Essentially, her duties consisted of helping patients out of bed and to the bathroom and lifting, bathing, dressing, *104 and assisting them in their assigned physical therapy. Concurrently, on March 19, 1997, she obtained part-time employment, requiring sedentary work, as a House Parent at OLS.
On October 8, 1997, while at SFCH, she had been assigned to help an elderly lady get dressed for therapy. She helped her get off the bed, lowered her into her wheelchair, and started feeling "sweaty." Subsequently, she took the patient to the therapy room, where she had to bend over to pick up something on the floor, and realized that she could not rise back up. She told a co-worker, standing nearby, that she felt pain in her lower back. Then, she reported the accident to her supervisor, Ms. Stacie Belgard, who filed an accident report.
Immediately, Ms. Bibins saw an SFCH out-patient physician and went home for the day. She attempted to resume work in a light-duty capacity after a two-day-rest period, but Ms. Belgard sent her home because she did not have any light-duty assignments.
Ms. Bibins followed treatment with Dr. Robert K. Rush, Dr. Ricardi, and physical therapy at the Louisiana Physical Therapy. Both Drs. Rush and Ricardi released her for work with light-duty restrictions. She did not resume her employment with SFCH, and Lindsey Morden Claims Management (LMCM) paid her $183.80 weekly TTDs.
Simultaneously, Ms. Bibins started working full-time at OLS, admittedly at a higher weekly rate than what she earned at SFCH. Nevertheless, in an October 27, 1997 recorded statement to Ms. Jocelyn Harden, an LMCM claims representative, when asked whether she worked for anyone else, Ms. Bibins replied "No, ma'am." When confronted with her false statement in a February 11, 1999 deposition, Ms. Bibins claimed that she did not reveal her OLS employment to Ms. Harden because "[she] didn't think it was ... any of her business[.]"
On January 30, 1998, SFCH notified her of its decision to discontinue payment of her workers' compensation benefits because of her OLS employment. Ms. Bibins filed suit against SFCH on May 25, 1999, asserting her entitlement to workers' compensation benefits. SFCH filed a motion for summary judgment, under La.R.S. 23:1208 on April 28, 1999, which the workers' compensation judge granted on September 9, 1999. Ms. Bibins appeals.
At the outset, we note that appellate courts review summary judgments de novo under the same criteria that governed the trial court's consideration of whether or not summary judgment was appropriate.[1] Summary judgment is proper when the pleadings, depositions, answers to interrogatories, and, admissions on file, together with affidavits, show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law.[2]
La.Code Civ.P. art. 966 charges the moving party with the burden of proving that summary judgment is appropriate. In doing so, the moving party's supporting documentation must be sufficient to establish that no genuine issue of material fact remains at stake.[3] Once the mover makes a prima facie showing that there is no genuine issue as to a material fact and that summary judgment should be granted, the burden shifts to the nonmover.[4] Furthermore, La.Code Civ.P. art. 967 provides, in pertinent part:
When a motion for summary judgment is made and supported as provided *105 above, an adverse party may not rest on the mere allegations or denials of his pleading, but his response by affidavits or otherwise provided above, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him.
The threshold question in reviewing a trial court's grant of summary judgment is whether a genuine issue of material fact remains.[5] After which, we must determine whether reasonable minds could conclude, based on the facts presented, that the mover is entitled to judgment.[6] Thus, summary judgment is apropos when all relevant facts are brought before the court, the relevant facts are undisputed, and the sole remaining issue relates to the legal conclusion to be drawn from the facts.[7]
Facts are material if they determine the outcome of the legal dispute.[8] The determination of the materiality of a particular fact must be made in light of the relevant substantive law.[9] The relevant substantive law is set forth in La.R.S. 23:1208. In Resweber v. Haroil Const. Co.,[10] the Louisiana Supreme Court stated that a party, requesting a remedy under Article 1208, must prove the following requirements: (1) a false statement or representation, (2) made willfully, and (3) for the purpose of obtaining or defeating any benefit or payment. The burden to prove each of the requirements lies on the employer.[11] Failure to prove any one of the requirements is fatal to an Article 1208 claim.[12] In Grant v. Natchitoches Manor Nursing Home,[13] we defined the word willful as "proceeding from a conscious motion of the will; voluntary; knowingly; deliberate; intending the result which actually comes to pass; designed; intentional; purposeful; not accidental or involuntary."
In the case sub judice, SFCH introduced conclusive evidence that Ms. Bibins made a misrepresentation when she failed to reveal her OLS employment. Also, she does not dispute her misrepresentation's deliberate character. Finally, as a result of her misrepresentation, she received Total Temporary Disability (TTDs). The record reflects that OLS employed her part-time to full-time at the time of her misrepresentation and TTDs receipt. Thus, she was not totally disabled, and her misstatement prevented an accurate calculation of her average weekly wage. We may easily infer Ms. Bibins' purposeful intent from the facts SFCH introduced in evidence. We would insult Ms. Bibins' intelligence to conclude anything except that she had to know that it was improper to be receiving benefits for a total disability, which she did not have, and that if she reported the fact that she could perform some work, she would not be entitled to collect benefits for a total inability to work. Accordingly, SFCH met its burden of proving its prima facie entitlement to Article 1208's benefit.
However, we do not find any specific facts, which Ms. Bibins introduces, to show the existence of a genuine issue of fact in dispute for trial. Namely, Ms. Bibins did not set forth any evidence or facts showing that her misrepresentation was accidental, involuntary or for another purpose. In *106 her February 11, 1999 deposition, when specifically asked about it, she abruptly replied "I didn't think it was ... any of her business[.]" This hardly shows that her statement could have been accidental, involuntary, or innocuous.
In her appellate brief, she asserts that her false statement was insignificant or irrelevant. We disagree. It lead to her undue receipt, or inaccurate calculation, of her workers' compensation benefits. Moreover, such a mere allegation does not create a genuine issue of material fact as required by La.Code Civ.P. art. 967.
Accordingly, after reviewing the record de novo, we affirm the workers' compensation judge's summary judgment.

CONCLUSION
After reviewing the record de novo, we find that SFCH conclusively established that Ms. Bibins committed a willful misrepresentation for the purpose of obtaining workers' compensation benefits. Accordingly, we affirm the workers' compensation judge's summary judgment in its favor.
AFFIRMED.
AMY, J., concurs in the result.
NOTES
[1] Schroeder v. Board of Sup'rs of La. State Univ., 591 So.2d 342 (La.1991); Soileau v. D & J Tire, Inc., 97-318 (La.App. 3 Cir. 10/8/97); 702 So.2d 818, writ denied, 97-2737 (La.1/16/98); 706 So.2d 979.
[2] La.Code Civ.P. art. 966(B).
[3] Townley v. City of Iowa, 97-493 (La.App. 3 Cir. 10/29/97); 702 So.2d 323.
[4] Id.
[5] Kumpe v. State, 97-386 (La.App. 3 Cir. 10/8/97); 701 So.2d 498, writ denied, 98-50 (La.3/13/98); 712 So.2d 882.
[6] Id.
[7] Id.
[8] Soileau, 702 So.2d 818.
[9] Id.
[10] 94-2708, 94-3138 (La.9/5/95); 660 So.2d 7.
[11] See Wise v. J.E. Merit Constructors, Inc., 97-684 (La.1/21/98); 707 So.2d 1214.
[12] Id.
[13] 96-1546, p. 4 (La.App. 3 Cir. 5/14/97); 696 So.2d 73, 76 (quoting BLACK'S LAW DICTIONARY 1599 (6th ed.1990)), writ denied, 97-1582 (La.10/17/97); 701 So.2d 1330.