LOLLEY, J.
|! Larry Modicue (“Modicue”) appeals the judgment of the Fourth Judicial District Court, Parish of Ouachita, State of Louisiana, wherein the trial court granted defendants Rose Kennedy’s and State Farm Fire & Casualty Company’s motion for summary judgment. For the following *581 reasons, we affirm the trial court’s judgment.
FACTS
On November 18, 2009, Modicue went to the office of Rose Kennedy (“Kennedy”), an insurance agent for State Farm Fire & Casualty Co. (“State Farm”), in West Monroe, Louisiana. Kennedy directed Modicue to a private office and offered him a chair of a steel tubular construction with only two legs in the front as opposed to the traditional four-legged chair. Modicue accepted Kennedy’s offer; however, when the 404-pound Modicue sat down, the chair collapsed and dropped Modicue to the floor where he sustained injury to his shoulder. Modicue required medical treatment as a result of his injuries.
Modicue brought suit against Kennedy and State Farm for the injuries sustained. Kennedy and State Farm filed a motion for summary judgment and the trial court granted the motion, finding no genuine issue as to any material fact and that defendants were entitled to judgment as a matter of law. This appeal followed.
DISCUSSION
As his only assignment of error, Modi-cue argues that the trial court erred in granting summary judgment and thereby dismissing Modicue’s claim. Specifically, Modicue asserts that a Louisiana business owner has a |¡>duty to provide seating which is adequate for the general population of the United States — a significant proportion of which weighs over the 250-pound carrying capacity of the chair as testified by Modicue’s expert witness. Modicue also argues that summary judgment was improper, because the facts of the case permit the application of res ipsa loquitur. We disagree.
The plaintiff or defendant may move for a summary judgment in his favor for all or part of the relief for which he has prayed. The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action and is favored by the courts and construed to accomplish these ends. La. C.C.P. art. 966.
Appellate courts review summary judgments de novo under the same criteria that govern the district court’s consideration of whether summary judgment is appropriate. Young v. Marsh, 46,896 (La.App.2d Cir.01/25/12), 86 So.3d 42.
Louisiana C.C. art. 2317.1 concerns an owner’s liability for damages caused by the ruin, vice, or defect of a thing under his control and states:
The owner or custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care. Nothing in this Article shall preclude the court from the application of the doctrine of res ipsa loquitur in an appropriate ease.
Here, the trial court properly granted the motion for summary judgment. Modicue failed to provide any evidence which could support a finding that appellees State Farm or Kennedy had constructive knowledge |sthat the chair offered to Modicue contained a defect. On the contrary, the record reflects that Mod-icue had used the chair before without incident. Modicue’s expert testified that the chair did not contain a warning concerning its carrying capacity. The expert also stated that there was no reason why Modicue should find the chair incapable of sustaining his weight. Therefore, it can be *582 surmised that neither State Farm or Kennedy should have thought the chair incapable of holding Modicue’s weight.
Furthermore, the trial court properly found that the doctrine of res ipsa loquitur did not apply. Res ipsa loquitur is a rule of circumstantial evidence that applies when the facts suggest that the negligence of the defendant is the most plausible explanation of the injury. This evidentiary doctrine is applicable when three requirements are met: 1) the circumstances of the accident are so unusual that, in the absence of other evidence, there is an inference of negligence by defendant; 2) defendant had exclusive control over the thing causing injury; and, 8) the only reasonable conclusion is that defendant’s breach of duty caused the accident. Harper v. Advantage Gaming, 38,-837 (La.App.2d Cir.08/18/04), 880 So.2d 948.
Here, Modicue’s prodigious weight makes it unlikely that the only reasonable explanation for the collapse of the chair was that it contained a defect. Additionally, the record indicates that the chair had held Modicue’s weight in the past and, therefore, does not support an inference of negligence on the part of State Farm or Kennedy. Ultimately, Modicue has failed to produce evidence sufficient to show that the negligence of the defendants was the most plausible explanation for his injury.
| ¿CONCLUSION
For the foregoing reasons, we affirm the judgment of the trial court in favor of Rose Kennedy and State Farm Fire & Casualty Co. All costs of this appeal are to be paid by Larry Modicue.
AFFIRMED.