# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

### 15-854


**KAREN WEEMS**

**VERSUS**

**ELECTRIC INS. CO., ET AL.**


\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - # 2
PARISH OF RAPIDES, NO. 14-02187
JAMES L. BRADDOCK, WORKERS COMPENSATION JUDGE

\*\*\*\*\*\*\*\*\*\*

**DAVID KENT SAVOIE**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Marc T. Amy, Billy H. Ezell, and David Kent Savoie, Judges.


**AFFIRMED.**

**Bradley P. Naccari**
**Juge, Napolitano, Guilbeau, Ruli & Frieman**
**330 North New Hampshire Street**
**Covington, LA 70433**
**(504) 831-7270**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
    **GE Oil & Gas, Inc.**
    **Electric Insurance Company**

**LaShonda G. Derouen**
**Attorney at Law**
**405 West Main Street**
**Post Office Box 4707**
**Lafayette, LA 70502**
**(337) 237-4300**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
    **Karen Weems**

**SAVOIE, Judge.**

The Plaintiff, Karen Weems (Weems), appeals the judgment of the Workers' Compensation Judge (WCJ) granting the Motion for Summary Judgment filed by GE Oil & Gas (GE) and Electric Insurance Company (Electric) and dismissing Weems's pending Workers' Compensation Form 1008 Disputed Claim for Compensation (1008 Claim) with prejudice. The WCJ found that Weems violated La.R.S. 23:1208 by fraudulently and willfully misrepresenting facts in order to obtain benefits. Due to this violation, the WCJ found that Weems forfeited her workers' compensation benefits, ordered her to pay restitution under La.R.S. 23:1208(D), and dismissed her 1008 Claim. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

On January 14, 2014, Weems, while employed by GE in its shipping department, was involved in a workplace accident. She injured her neck using a nail gun in the course of building a shipping crate. Defendants accepted her claim for workers' compensation benefits and paid her a total of $19,467.15 in medical benefits and $22,717.46 in indemnity benefits through November 12, 2014. Weems later complained that her lower back was injured as a result of the workplace accident, which GE contested. The denial of the claim for her back injury was the impetus for Weems filing the 1008 Claim form.

Weems filed a 1008 Claim on April 4, 2014, alleging back injury as a result of the January 14, 2014 accident. After some initial filings by both parties, GE and Electric filed a Supplemental Answer to Disputed Claim for Compensation on September 18, 2014, as well as a Reconventional Demand. The supplemental answer alleges: (1) Weems withheld information from them regarding prior treatment for neck and back pain; (2) she withheld the same information from her treating physicians; and (3) she made willful misrepresentations concerning her

treatment for back and neck pain prior to her job accident for the purpose of obtaining workers' compensation benefits. The Reconventional Demand reiterates the claims made in the supplemental answer and, specifically, asserts a claim for fraud under La.R.S. 23:1208. The demand also requests restitution for the cost of indemnity benefits, the cost of medical benefits, medical case management, transportation expenses, and costs of investigation and litigation. It further alleges that Weems is subject to criminal fines and civil penalties in accordance with La.R.S. 23:1208.

On March 27, 2015, GE and Electric filed a Motion for Summary Judgment based on the claims found in the supplemental answer and the reconventional demand, asking the court to find Weems in violation of La.R.S. 23:1208, ordering her to pay restitution, and dismissing her 1008 Claim. After a hearing May 5, 2015, the WCJ granted the motion for summary judgment, ruling that Weems violated La.R.S. 23:1208; that she had forfeited all rights to workers' compensation benefits; that she must pay restitution to the defendants in the amount of $42,184.41; and dismissing Weems's 1008 claim. The WCJ did not impose civil penalties. Judgment was signed May 22, 2015. It is from this judgment that Weems appeals.

## LAW AND DISCUSSION

### Standard of Review

The standard of review on a motion for summary judgment for an appellate court is as follows:

> An appellate court reviews a trial court's grant of summary judgment de novo. *Covington v. McNeese State Univ.,* 08–505 (La.App. 3 Cir. 11/5/08), 996 So.2d 667, *writ denied,* 09–69 (La.3/6/09), 3 So.3d 491. "The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action....The procedure is favored and shall be construed to accomplish these ends." La.Code Civ.P. art. 966(A)(2). A motion for summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions, together with

2

the affidavits, if any, admitted for the purposes of the motion for summary judgment, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." La.Code Civ.P. art. 966(B)(2). Generally, the movant bears the burden of proof on the motion. La.Code Civ.P. art. 966(C)(2).

*Hunter v. Lafayette Consol. Gov't*, 15-401, p. 2 (La.App. 3 Cir. 11/4/15), 177 So.3d 815, 818.

## *Law and Discussion*

In her appeal, Weems alleges the WCJ erred in granting Defendants' Motion for Summary Judgment and in finding that she violated La.R.S. 23:1208. Louisiana Revised Statutes 23:1208(A) provides that: "It shall be unlawful for any person, for the purpose of obtaining or defeating any benefit or payment under the provisions of this Chapter, either for himself or for any other person, to willfully make a false statement or representation." The Louisiana Supreme Court has held that "[t]he only requirements for forfeiture of benefits under Section 1208 are that (1) there is a false statement or representation, (2) it is willfully made, and (3) it is made for the purpose of obtaining or defeating any benefit or payment." *Resweber v. Haroil Constr. Co.*, 94-2708, p. 7 (La. 9/5/95), 660 So.2d 7, 12. "Section 1208 applies to false statements or representations regarding prior injuries; it applies to statements made to insurance investigators and physicians alike; and it imposes no requirement that the employer show prejudice." *Edwards v. Southeastern Freight Lines, Inc.*, 14-871, p. 4 (La.App. 3 Cir. 2/4/15), 158 So.3d 227, 231 (citing *Resweber*, 660 So.2d 7).

The issue of willful intent found in La.R.S. 23:1208 is properly resolved via summary judgment as long as no genuine issue of material fact exists. *Id.* "A genuine issue is one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion, there is no need for trial on that issue and summary judgment is appropriate." *Luther v. IOM Co. LLC*, 13-0353, p. 5 (La. 10/15/13), 130 So.3d 817, 822.

Weems's treatment for neck and back pain is extensive - dating back to 1999. In February 1999, Weems presented to the LSU Family Practice Center complaining of low back pain that began six months prior. She complained that her pain level was nine out of ten. She returned to the LSU Family Practice Center in May, again with back complaints. On February 6, 2006, she sought help for her low back pain after lifting heavy furniture. In February 2007, her low back pain caused her to seek therapy at Aguilus Health. In July 2008 she complained of a "lightning bolt like shock [that] extend[ed] down to [her] legs." The complaints continued through 2012 and 2013, with Weems having lumbar and cervical x-rays performed because of her neck and back pain. Less than four months before the present accident, she sought treatment for neck pain after lifting heavy equipment. The medical records from the University Health System show a history of "chronic back pain" from 2011 through 2014.

Despite Weems's long struggle with neck and back pain, the record shows that she failed to disclose her struggles with the physicians who treated her after the workplace accident. Weems denied prior neck injuries or problems to Dr. Webb, the physician who saw her on the day of the accident. Similarly, she denied any "prior similar complaints" when she was seen in the emergency room of Rapides Regional Medical Center. When she began treating with Dr. Juneau, her choice of neurosurgeon, she reported low back pain for the first time in addition to the neck pain she experienced as a result of the accident. Dr. Juneau indicated that she "never had any problems with neck pain prior to this on the job accident that occurred on January 14, 2014." Weems saw Dr. Smith for a second medical opinion. His records also show that she denied having any symptoms in her leg or low back or in the cervical area prior to the accident, although she did report one previous episode of back pain when she was approximately thirty-eight years of age, which she stated was resolved with no further symptoms.

4

In formal discovery, Weems denied treatment for prior neck pain other than treatment for thyroid cancer. She only admitted to treatment for sciatic nerve pain in her back in 2004. During her deposition, she stated that she had no back pain after 2003 or 2004. She was asked specifically whether, other than the time she saw a chiropractor in 2003 and 2004, she had any kind of back treatment, and she answered that was the only time she saw a doctor.

Weems's argument centers on the effect her medications had on her memory. She was prescribed Vicodin and Caroprodol/Soma because of the accident in addition to taking other medications, namely, Synthroid, Xanax, Vesicare and Estroven. Weems contends that, if she did not disclose any of the requested information, it was a side effect of medications rather than any bid on her part to conceal hear medical history. This argument is not presented with any testimonial or documentary evidence that supports it. Weems did not present the testimony of any doctor or medical professional which would give credence to her position.

In addition, Weems did not file an opposition and there is no evidence on her behalf whatsoever filed in the record in connection with the summary judgment. There is not even a self-serving affidavit on which she can rely. As such, willful intent is easily inferred from the record presented. *See Bibins v. St. Francis Cabrini Hosp.*, 00-133 (La.App. 3 Cir. 6/7/00), 768 So.2d 102, *writ denied*, 00-3015 (La. 12/15/00), 777 So.2d 1235.

Based on the foregoing, we find no genuine issues of material fact exist as to whether Weems made willful misrepresentations in order to obtain workers' compensation benefits. Thus, summary judgment was properly granted.

## DECREE

For the aforementioned reasons, we find no error in the trial court's ruling granting summary judgment in favor of GE Oil and Gas and Electric Insurance

Company and dismissing Karen Weems's claim. Karen Weems is cast with all costs of this appeal.

**AFFIRMED.**