STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

16-167

MARY HEATHCOATE
(O/B/O CHRISTOPHER FARMER-DECEASED)

VERSUS

D&D DRILLING AND EXPLORATION, INC.

************

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION, DISTRICT 1E
PARISH OF OUACHITA, NO. 14-04189
BRENZA IRVING-JONES, WORKERS' COMPENSATION JUDGE

************

JAMES T. GENOVESE
JUDGE

************

Court composed of Jimmie C. Peters, James T. Genovese, and John E. Conery, Judges.

AFFIRMED.

Donald S. Wingerter
1413 Ridgeland Drive
Baton Rouge, Louisiana 70810
(225) 769-7523
COUNSEL FOR PLAINTIFF/APPELLANT:
    Mary Heathcoate
    o/b/o  Christopher Farmer-Deceased

**Jeffrey C. Napolitano**
**Juge, Napolitano, Guilbeau, Ruli & Frieman**
**3320 W. Esplanade Avenue North**
**Metairie, Louisiana 70002**
**(504) 831-7270**
**COUNSEL FOR DEFENDANT/APPELLEE:**
 **D&D Drilling and Exploration, Inc.**

**GENOVESE, Judge.**

In this workers' compensation case, Claimant, Mary Heathcoate o/b/o Christopher Farmer-Deceased (Ms. Heathcoate), appeals the judgment of the Office of Workers' Compensation (OWC) granting a Motion for Summary Judgment filed by Defendant/Employer, D&D Drilling and Exploration, Inc., and its workers' compensation insurer, Granite State Insurance Company (collectively D&D Drilling). For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

Ms. Heathcoate, Mr. Farmer's fiancée, filed a Disputed Claim for Compensation (Form 1008) seeking workers' compensation benefits, alleging that Mr. Farmer was electrocuted during the course and scope of his employment as an oil rig worker with D&D Drilling and that she was an entitled dependent.[1] Ms. Heathcoate sought unpaid wages, medical benefits, death benefits, and penalties and attorney fees.[2] D&D Drilling answered Ms. Heathcoate's claim, denying that Mr. Farmer was in the course and scope of his employment and denying that his death was work-related. Additionally, it denied Ms. Heathcoate's dependency

---

[1]Ms. Heathcoate's claim arose pursuant to La.R.S. 23:1253 which provides:

> If there is no one wholly dependent and more than one person partially dependent, so much of the death benefit as each is entitled to shall be divided among them according to the relative extent of their dependency. No person shall be considered a dependent, unless he is a member of the family of the deceased employee, or bearing to him the relation of husband or widow, or lineal descendant or ascendant, or brother or sister, or child. Regardless of dependency, no payments shall be made to the concubine of the deceased employee nor the concubine's children, unless those children are related to the deceased employee by blood or adoption.

[2]Ms. Heathcoate subsequently amended her Form 1008 to assert the unconstitutionality of La.R.S. 23:1253 on the grounds that "[i]n denying dependent status and death benefits to 'concubines[,'] the statute violate[d] the equal protection and due process clauses of the Fifth and Fourteen Amendments to the United States Constitution, and Article 1, Section 2, of the Louisiana Constitution." That issue was resolved by the district court in favor of Ms. Heathcoate, and D&D Drilling did not appeal that decision; thus, the constitutionality of the statute is not before this court on appeal.

status and her entitlement to death benefits, as well as its nonpayment or untimely payment of any workers' compensation benefits subjecting it to the imposition of penalties and attorney fees.

D&D Drilling subsequently amended its answer to additionally aver that Ms. Heathcoate violated La.R.S. 23:1208,[3] resulting in a forfeiture of benefits and its entitlement to all additional relief provided by this statutory provision. Thereafter, D&D Drilling filed a Motion for Summary Judgment praying that "summary judgment be granted in its favor, denying [Ms. Heathcoate's] claim for workers['] compensation benefits in accordance with the provisions of [La.R.S.] 23:1208."

Following a hearing on D&D Drilling's Motion for Summary Judgment, the workers' compensation judge (WCJ) entered judgment "finding that [Ms. Heathcoate] violated Section 1208 in her sworn deposition testimony;" thus, the WCJ granted D&D Drilling's motion and ordered the claims of Ms. Heathcoate to be dismissed with prejudice. From said judgment, Ms. Heathcoate appeals.

## ASSIGNMENTS OF ERROR

Ms. Heathcoate presents the following assignments of error for our review:

(1) The Workers' Compensation Judge erred in the application of [La.Code Civ.P. art.] 966 by granting the Motion for Summary Judgment when there is a dispute as to a material fact[.]

---

[3]Louisiana Revised Statues 23:1208 provides, in pertinent part:

A. It shall be unlawful for any person, for the purpose of obtaining or defeating any benefit or payment under the provisions of this Chapter, either for himself or for any other person, to willfully make a false statement or representation.

. . . .

E. Any employee violating this Section shall, upon determination by workers' compensation judge, forfeit any right to compensation benefits under this Chapter.

2

(2) The Workers' Compensation Judge erred in weighing the veracity of [Ms. Heathcoate] in finding that [she] violated the provisions of [La.]R.S. 23:1208.

## LAW AND DISCUSSION

On appeal, Ms. Heathcoate urges this court to reverse the judgment of the OWC in favor of D&D Drilling on the grounds that there remain genuine issues of material fact which preclude the grant of summary judgment. Additionally, it is her contention that the WCJ improvidently weighed her veracity in concluding that her statements constituted a violation of La.R.S. 23:1208. We find no merit to her contentions.

To establish her entitlement to workers' compensation benefits, Ms. Heathcoate is required to show that she was financially dependent upon Mr. Farmer. La.R.S. 23:1253. Thus, the issue of her financial support is relevant to her claim. Accordingly, during her deposition, D&D Drilling questioned Ms. Heathcoate about the sources of her income. It is her responses to this line of inquiry that gave rise to D&D Drilling's assertion of a defense pursuant to La.R.S. 23:1208.

When initially filing her Form 1008, Ms. Heathcoate identified herself as the live-in concubine of Mr. Farmer. She claimed that she was financially dependent upon him in the months leading up to his death. It was Ms. Heathcoate's testimony that prior to Mr. Farmer's death, during their cohabitation, she was pregnant with the child of another man. She identified the sources of financial assistance that she was receiving as including SSI benefits, WIC vouchers, and food stamps. Ms. Heathcoate repeatedly denied benefiting from any other source of financial support other than from Mr. Farmer.

Following Ms. Heathcoate's deposition, D&D Drilling filed the subject Motion for Summary Judgment alleging that Ms. Heathcoate made willful misrepresentations for the purpose of obtaining workers' compensation benefits pursuant to La.R.S. 23:1208. In support of its motion, D&D Drilling attached the affidavit of Mr. Fred Belcher. Mr. Belcher, an adoption attorney, was facilitating the adoption of Ms. Heathcoate's yet unborn child. Mr. Belcher attested:

> [t]hat Mary Louise Heathcoate signed an agreement with Belcher Law Firm, to place her unborn child for adoption, on [the] 27th day of January, 2014. During the term of Mary Louise Heathcoate's pregnancy, she was paid living expenses, which included, rent, utilities, vehicle insurance, phone, [and] food, among other essentials, each month.

According to Mr. Belcher, from January 2014 through July 2014, Ms. Heathcoate received a total of $12,800.00 from the Belcher Law Firm. D&D Drilling, therefore, moved for summary judgment on the grounds that Ms. Heathcoate failed to disclose these payments.

Louisiana Revised Statutes 23:1208(A) makes it "unlawful for any person, for the purpose of obtaining or defeating any benefit or payment under the provisions of this Chapter, either for himself or for any other person, to willfully make a false statement or representation." Additionally, "[t]he *only* requirements for forfeiture of benefits under La.R.S. 23:1208 are: (1) a false statement or representation, (2) willfully made, and (3) for the purpose of obtaining workers' compensation benefits. *Resweber v. Haroil Constr. Co.*, 94-2708 (La. 9/5/95), 660 So.2d 7." *Edwards v. Se. Freight Lines, Inc.*, 14-871, p. 4 (La.App. 3 Cir. 2/4/15), 158 So.3d 227, 231.

4

Moreover, relative to the propriety of granting a motion for summary judgment on issues surrounding a defense under La.R.S. 23:1208, in *Edwards*, 158 So.3d at 237, this court has opined as follows:

> [T]he jurisprudence holds that a claim under the statute governing forfeiture of benefits for misrepresentations in relation to a claim for workers' compensation benefits is appropriate for resolution by way of the summary judgment procedure as long as there is no genuine issue as to the three criteria of La.R.S. 23:1208. *Bibins v. St. Francis Cabrini Hosp.*, 00-133 (La.App. 3 Cir. 6/7/00), 768 So.2d 102, *writ denied*, 00-3015 (La. 12/15/00), 777 So.2d 1235; *Louisiana-I Gaming v. Rogers*, 10-1050 (La.App. 5 Cir. 9/27/11), 76 So.3d 81, *writ denied*, 11-2789 (La. 2/17/12), 82 So.3d 291; *Caye v. Slidell Travel Ctr.*, 02-208 (La.App. 1 Cir. 12/31/02), 837 So.2d 144, *writ denied*, 03-338 (La. 4/21/03), 841 So.2d 797. "A genuine issue is one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion, there is no need for trial on that issue and summary judgment is appropriate." *Hines v. Garrett*, 04-806, p. 1 (La. 6/25/04), 876 So.2d 764, 765-66.
>
> When requesting summary judgment under the relevant law of La.R.S. 23:1208, the mover must provide sufficient, supporting, conclusive evidence of its three criteria, and then the non-mover must set forth specific facts, showing that there is a genuine issue of material fact in dispute for trial. *Bibins v. St. Francis Cabrini Hosp.*, 768 So.2d 102. A non-movant's mere allegation does not create a genuine issue of material fact so as to preclude summary judgment. *Id.*; La.Code Civ.P. art. 967.

On appeal, Ms. Heathcoate argues that material issues of fact remain. In her brief to this court, she contests the accuracy of the amount of money that she was actually paid by Mr. Belcher and when the payments were made. However, the amount of money paid and received is not a genuine issue of material fact which would preclude summary judgment. Ms. Heathcoate failed to disclose that she received ***any*** additional support whatsoever. Moreover, the only evidence relative to the amount of money paid by Mr. Belcher to Ms. Heathcoate is contained in Mr. Belcher's affidavit. Although she characterizes Mr. Belcher's affidavit as "vague and unsupported," Ms. Heathcoate did not introduce any evidence to the contrary.

5

For these reasons, we find that there is no genuine issue of material fact precluding a grant of summary judgment.

Secondly, Ms. Heathcoate urges this court to reverse the grant of summary judgment since the WCJ erroneously considered and weighed her credibility and veracity. We disagree.

A noted above, this court has previously held that a defense pursuant to La.R.S. 23:1208 may be appropriate for summary judgment. *Edwards*, 158 So.3d 227; *Weems v. Elec. Ins. Co., Inc.*, 15-854 (La.App. 3 Cir. 5/11/16), 193 So.3d 1214. The relevant inquiry is whether D&D Drilling met its burden of proof.

The record establishes that repeatedly during her deposition, Ms. Heathcoate was asked about the sources of financial support she received. She testified that the assistance Mr. Farmer provided included payments for rent, furniture, electricity, household supplies, groceries, and gas. Ms. Heathcoate was specifically asked multiple times about any other financial support that she received during the relative time period. On each of these occasions, Ms. Heathcoate failed to disclose any information about the payments being made to her by Mr. Belcher's law firm.

The deposition testimony of Ms. Heathcoate is directly contradicted by the affidavit of Mr. Belcher. Mr. Belcher's affidavit establishes that Ms. Heathcoate received over $2,000.00 per month, for a total exceeding $12,000.00, which she did not disclose.

We note that as mover, D&D Drilling bore the burden of proof on its Motion for Summary Judgment. We find that based upon the evidence of record, D&D Drilling met its burden. The burden of proof then shifted to Ms. Heathcoate to present facts showing that a genuine issue of material fact remained for trial. She

6

failed to do so. Accordingly, as we concluded in *Edwards*, we find "that reasonable people could only conclude that [Ms. Heathcoate] willfully made misrepresentations in order to obtain workers' compensation benefits, and summary judgment was properly granted." *Edwards*, 158 So.3d at 237.

In so concluding, we are unpersuaded by Ms. Heathcoate's contention that a weighing of her veracity and credibility determinations were required to reach this conclusion. Simply put, she failed to introduce any evidence to refute the claims of D&D Drilling; thus, there was no need for a credibility determination or the weighing of evidence in this case, because there was no countervailing evidence introduced by Ms. Heathcoate. We conclude, therefore, that based upon our de novo review of the record, D&D Drilling proved that Ms. Heathcoate willfully made false statements and representations for the purpose of obtaining workers' compensation benefits in violation of La.R.S 23:1208.

## DECREE

For the reasons set forth herein, we affirm the judgment of the Office of Workers' Compensation granting summary judgment in favor D&D Drilling and Exploration, Inc. and Granite State Insurance Company, and dismissing the claim of Mary Heathcoate with prejudice. Costs of this appeal are assessed to Mary Heathcoate.

**AFFIRMED.**

7