NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

19-127


HENRY MAZE, JR.

VERSUS

ALMELBET, INC. D/B/A PIGGLY WIGGLY KAPLAN, ET AL.


**********


APPLICATION FOR SUPERVISORY WRITS FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF VERMILION, NO. 103166
HONORABLE JOHN D. TRAHAN, JR., DISTRICT JUDGE

**********

ELIZABETH A. PICKETT
JUDGE

**********

Court composed of Elizabeth A. Pickett, Phyllis M. Keaty, and Candyce G. Perret, Judges.


WRIT GRANTED AND MADE PEREMPTORY.


Jeffrey J. Waltz
Jill A. Waltz
Parish J. Tillman
The Waltz Law Group, LLC
1100 Poydras St., Suite 2620
New Orleans, LA 70163
(504) 264-5260
COUNSEL FOR DEFENDANTS-APPLICANTS:
       Almelbet, Inc. d/b/a Piggly Wiggly Kaplan
       Certain Underwriters at Lloyd's, London Severally Subscribing to
       Policy No. CLICPKG7074

**Justin L. Winch**
**Winch Law Firm, LLC**
**251 La Rue France, The Oil Center**
**Lafayette, LA 70508**
**(504) 214-3400**
**COUNSEL FOR PLAINTIFF-RESPONDENT:**
    **Henry Maze, Jr.**

**PICKETT, Judge.**

The relators, Almelbet, Inc. d/b/a Piggly Wiggly Kaplan (Piggly Wiggly) and Certain Underwriters at Lloyd's, London severally Subscribing to Policy Number CLICPKG7074 (Lloyd's), seek writs from the denial of their motion for summary judgment by the trial court.

## STATEMENT OF THE CASE

On April 5, 2016, the plaintiff, Henry Maze, Jr., was shopping with his wife at Piggly Wiggly in Kaplan, Louisiana.  He used the restroom at the store and alleges that he was injured when the broken and/or faulty toilet seat caused him to fall to the floor.

Maze filed suit against Piggly Wiggly and its insurer.[1]  The relators filed a motion for summary judgment arguing that Maze could not show that the toilet had an unreasonably dangerous defect and that Maze could not show that Piggly Wiggly had actual or constructive knowledge of any alleged defect in the toilet.  Maze opposed the motion.

A hearing on the motion was held on December 17, 2018.  The trial court denied the motion in open court.  A judgment was signed on January 22, 2019.  The relators timely filed a notice of intent to apply for supervisory writs.  Maze filed an opposition to the writ application.

This court granted the relators' writ application on May 16, 2019, and gave notice to the parties that they could file additional briefs and request oral argument pursuant to La.Code Civ.P. art. 966(H) and this court's Internal Rule 30.  Neither

---

[1] Maze incorrectly named Piggly Wiggly's insurer as "Underwriters at Lloyd's London a/k/a Lloyds of London" and later amended his petition to correctly name "Certain Underwriters at Lloyd's, London severally Subscribing to Policy Number CLICPKG7074".

party filed additional briefs nor requested oral argument within the delays allowed in the order granting the writ.

## DISCUSSION

"A denial of a motion for summary judgment is interlocutory, and the only remedy available is to seek supervisory relief." *Lewis v. Old Republic Ins. Co.*, 17-456, p. 2 (La.App. 3 Cir. 8/23/17), 226 So.3d 557, 558. This court reviews "a district court's grant of summary judgment *de novo*, viewing the record and all reasonable inferences that may be drawn from it in the light most favorable to the non-movant." *Keeven v. Wen-Star, Inc.*, 17-453, p. 3 (La.App. 3 Cir. 12/6/17), 258 So.3d 617, 620 (quoting *Hines v. Garrett*, 04-806 (La. 6/25/04), 876 So.2d 764).

In *Riggs v. Opelousas General Hospital Trust Authority*, 08-591, p. 4 (La.App. 3 Cir. 11/5/08), 997 So.2d 814, 817, the court noted that to prevail under La.Civ.Code art. 2317.1, a plaintiff must prove:

> (1) that the thing which caused the damage was in the defendant's custody or control, (2) that it had a vice or defect that presented an unreasonable risk of harm, (3) that the defendant knew or should have known of the vice or defect, (4) that the damage could have been prevented by the exercise of reasonable care, and (5) that the defendant failed to exercise such reasonable care.

In support of the motion for summary judgment, the relators introduced the following: (1) the petition for damages; (2) excerpts from Maze's deposition; (3) Maze's response to discovery; (4) an affidavit of Maxine Saltzman, Piggly Wiggly store manager, with attached accident report; (5) an affidavit of Ed Carter, meat cutter at Piggly Wiggly; (6) Maze's medical records from Abbeville General Hospital; and (7) Maze's medical records from Dr. Roland C. Miller.

Saltzman testified in her affidavit that it was the store's policy for the restrooms to be cleaned and inspected every evening by the janitorial staff, and then

she would inspect the restrooms each morning to be sure that they were properly cleaned and in good condition. She further testified that at 6:00 a.m. on the morning that Maze alleges that the accident occurred, she inspected the restroom and that the toilet seat in question was attached to the toilet and that she observed no defects in the toilet. According to the accident report, the alleged accident occurred at 9:15 a.m., a little over three hours later. Saltzman further testified that she had not received any prior complaints regarding the condition of the toilet seat, that there were no prior accidents involving the toilet in the restroom, and that there were no subsequent accidents involving the toilet.

Maze testified in deposition that he did not see anything wrong with the toilet seat before he sat on it and that it appeared to be correct and secured. He answered that the seat was not off place or shoved off to one side. Maze testified that after he fell, the toilet seat was on the floor, but he did not see any screws on the floor. Maze also reported that he had used that restroom before, about five to seven times that year, and had not experienced any problems or issues with the toilet seat. Maze testified in deposition that the meat cutter came to help him after the accident and told him that people knew that the seat was broken and that it did not have any bolts.

The affidavit of the meat cutter, Carter, was submitted in support of the motion for summary judgment. Carter testified that he did not tell Maze that there were similar incidents involving the toilet. He also testified that he had not received any prior complaints regarding the condition of the toilet seat, that there were no prior accidents involving the toilet in the restroom, and that there were no subsequent accidents involving the toilet.

The medical records indicate that at the time of the accident, Maze was 6′1″ and weighed 460 pounds. The relators also point to statements in the medical records

3

that indicate that Maze told his doctors that he broke the toilet or that the seat broke when he sat on it.

Based on Saltzman's affidavit, Carter's affidavit, Maze's deposition testimony, and his medical records, the relators argue that they have shown "the absence of factual support for one or more elements essential to the adverse party's claim" under La.Civ.Code art. 2317.1 and/or La.R.S. 9:2800.6 as required by La.Code Civ.P. art. 966(D)(1) to shift the burden[2] to Maze "to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law." La.Code Civ.P. art. 966(D)(1). Specifically, the relators allege that Maze cannot show that there was a defect in the toilet seat or that Piggly Wiggly knew or should have known of the existence of any alleged vice as required by La.Civ.Code art. 2317.1 and/or La.R.S. 9:2800.6.

In opposition to the motion, Maze attempted to submit the following documents: (1) a printout from Eat Safe Louisiana's webpage showing 2018 health inspection violations by Piggly Wiggly; (2) Maze's supplemental discovery requests propounded to the relators; and (3) a notice of deposition of Saltzman. The relators filed a motion to strike these exhibits alleging that they were not allowed under La.Code Civ.P. art. 966. The motion was granted, and these documents were stricken from the record, but the relators attached them to their writ application anyway.

---

[2] "The burden of proof rests with the mover." La.Code Civ.P. art. 966(D)(1). If, as in this case, the burden of proof will not be borne by the mover, then the mover need not "negate all essential elements of the adverse party's claim." *Id.*

4

The trial court denied the relators' motion for summary judgment finding that Saltzman did not do a thorough inspection of the toilet. The trial court did note that it thought that the case "barely" survived summary judgment and that it was "going to be a big problem convincing a fact-finder . . . that there was a proven defect in that toilet." We find the trial court erred because it did not find that Maze presented evidence showing that a genuine issue of material fact exists regarding the existence of a defect in the toilet seat or the relators' knowledge thereof.

"In ruling on a motion for summary judgment, the judge's role is not to evaluate the weight of the evidence or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact." *Domingue v. Louisiana Guest House, Inc.*, 17-633, p. 4 (La.App. 3 Cir. 12/6/17), 258 So.3d 3, 6, *writ denied*, 18-14 (La. 2/23/18), 237 So.3d 517. The relators assert that the trial court impermissibly weighed evidence in finding that Saltzman did not do a thorough inspection of the toilet and in crediting Maze's testimony that the meat cutter told him that there were prior issues with the toilet over the affidavit of the meat cutter himself. The relators also contend that Maze submitted nothing to show that he would be able to satisfy his burden of proof at trial thus mandating the grant of the motion for summary judgment. "Once the motion for summary judgment has been properly supported by the moving party, the failure of the non-moving party to produce evidence of a material factual dispute mandates the granting of the motion." *Babin v. Winn-Dixie La., Inc.*, 00-78, p. 4 (La. 6/30/00), 764 So.2d 37, 40.

We find Maze failed to present any evidence to show that there was a defect in the toilet seat or that Piggly Wiggly knew or should have known or had constructive knowledge of any alleged defect in the toilet seat. Maze merely asserted

5

that the affidavits submitted by the relators were insufficient to support the motion for summary judgment.

In *Alvarado v. Lodge at the Bluffs, LLC*, 16-624, pp. 10-11 (La.App. 1 Cir. 3/29/17), 217 So.3d 429, 435, *writ denied*, 17-697 (La. 6/16/17), 219 So.3d 340, the court found that "[t]he plaintiff has the burden of proving when the screws were missing so that a reasonable inspection within a reasonable time would have discovered the missing screws and the accident would not have happened." The court specifically found that the staff's cleaning of the rental unit before and after each use and "observing the general condition of all furniture was sufficient to satisfy the defendants' obligation to use reasonable care to discover any defects in the furniture[.]" *Id*. at 434. Summary judgment in favor of the defendants was upheld even though it was noted that the evidence was not clear if the evaluation involved any specific inspection of the chair involved in the accident.

In *Thompson v. Nelon's Fast Foods, Inc.*, 42,825 (La.App. 2 Cir. 1/23/08), 974 So.2d 835, the plaintiff specifically complained that the employees tasked with inspecting the chairs were teenagers making minimum wage. The court noted that "it would require little more than the knowledge possessed by the average person to be able to discern an apparent defect in a chair, an object used by most people in this country on any given day." *Id*. at 838. The restaurant's policy in that case was that the employees were to move the chairs as they cleaned the dining area and to report any problems with them, and, then, on Fridays, they were to place the chairs upside down on the dining tables and report any problems to a manager. Thus, we find that there is no merit to Maze's argument that Saltzman's affidavit is inclusive with respect to how she inspected the toilet.

6

In *Modicue v. State Farm Fire & Casualty Co.*, 47,444 (La.App. 2 Cir. 9/26/12), 106 So.3d 579, the court upheld a summary judgment in favor of defendants where the 404-pound plaintiff failed to provide any evidence that the defendants had constructive knowledge of a defect in the chair which collapsed when he sat in it. To the contrary, the court noted that the evidence showed that the plaintiff had sat in the chair in the past and that it had held his weight.

Likewise, in this case, Maze's own testimony establishes that there was no apparent problem with the toilet seat on the day in question and that he had used it in the past without incident. Maze did not submit any evidence to show that the bolts were missing from the toilet seat other than his testimony that the meat cutter told him that. While Carter's affidavit does not specifically state that he did not tell Maze this, it does state that Maze did not tell him that the toilet seat was not properly bolted to the toilet. Carter's supposed statement is not an admission against interest as claimed by Maze. Carter was not unavailable as required by La.Code Evid. art. 804 for an exception to the hearsay rule to apply. So, a litigant's self-serving testimony may be enough to create a genuine issue of material fact to defeat summary judgment. *Weems v. Elec. Ins. Co.*, 15-854 (La.App. 3 Cir. 5/11/16), 193 So.3d 1214. But, "[a]n affidavit in opposition which contains hearsay statements and is aimed at impeaching the credibility of the mover's affidavit does not create a material issue of fact to defeat summary judgment." *Chanler v. Jamestown Ins. Co.*, 51,320, p. 13 (La.App. 2 Cir. 5/17/17), 223 So.3d 614, 623, *writ denied*, 17-1251 (La. 10/27/17), 228 So.3d 1230.

Although not conceding that the trial court erred, in the alternative to granting the writ application, Maze requests that this court remand the matter to the trial court to allow him time to conduct additional discovery. He alleges that he has requested

7

to take the deposition of Saltzman and that certain discovery propounded to the relators is outstanding. This accident happened three years ago, which we find is ample opportunity to conduct discovery in this case. We find that a remand is not warranted.

For these reasons, we find that there is merit to the relators' claim that the trial court erred in denying the motion for summary judgment based on Maze's failure to prove the existence of a defect and his failure to prove that the relators had actual or constructive knowledge of any alleged defect. Therefore, having complied with the additional briefing requirements of La.Code Civ.P. art. 966(H), we grant the motion for summary judgment filed by Piggly Wiggly and Lloyd's and dismiss the claims of Maze with prejudice. Costs of this writ application are assessed to Henry Maze, Jr.

**WRIT GRANTED AND MADE PEREMPTORY.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 16.3.